*ALBANY, October. 1823.*

*WOOD v. GIBSON.*

Rule accordingly.(*b*)

(*b*) *Ante*, 138, *S. C.*

---

WOOD & ACRES *against* GIBSON, Gentleman, one of the attorneys of this Court.

THE defendant was sued by bill of privilege, (which was served in term time of this Court, and while it was sitting) in *assumpsit*, and gave a *cognovit* for $42,11 ; and now

*S. Stevens*, moved that the costs of the defendant, to be taxed, be allowed and set off, against the sum confessed. He insisted, that the plaintiff was not entitled to, but bound to pay costs to the defendant, and cited *Foster et al.* v. *Garnsey, Gent.*(*a*)

*P. Gansevoort*, contra, cited *Walsh et. al.* v. *Sackrider.*(*b*) He said, the present suit, having been commenced during the sitting of this Court, the defendant could not be sued, otherwise than by bill.(*c*) In *Foster* v. *Garnsey*, it does not appear when the bill was served ; and the remark of the Court, that the plaintiff ought not to have the power of charging attorneys with costs, by electing to sue them in term time, is extra-judicial.

*Stevens*, in reply, said that *Walsh* v. *Sackrider* was decided while the general privilege of attorneys existed. They

An attorney of this court, though sued by bill of privilege, in term time, is not subject to costs, unless the recovery against him exceed 50 dollars. But, on the contrary, he shall recover costs ; Which, on motion, shall be set off gainst the plaintiff's damages. Resolved in an action of asumpsit.

(*a*) 13 *John.* 465.          (*b*) 7 *John.* 537.
(*c*) *Gilbert* v. *Vanderpoel & Beekman*, 15 *id.* 242.   1 *R. L.* 345, *s.* 8.

ALBANY,
October, 1823.

WRIGHT
v.
WRIGHT.

(d) 1 R. L.
387, s. 1.
(e) id. 418.

(f) Sess. 41,
ch. 94, s. 1.

may now be sued in a Justice's Court, and ought to stand on the same footing with other persons.

*Curia.* The motion must be granted. By the 25 dollar act,(d) attorneys may be sued in a Justice's Court ; and by the 12th section of the act concerning counsellors, attorneys and solicitors,(e) they may be arrested and held to common or special bail, as ordinary persons. Both these acts save their privilege during the actual sitting of the Court to which they belong. They were considered as a virtual repeal of the law subjecting attorneys to costs, upon recoveries short of 50 dollars ; and, in this respect, as placing them on the footing of other individuals. We agree with the remark in *Foster* v. *Garnsey*, " that their privilege is substantially taken away ; and being put on the same footing with other persons, as to arrests, they ought to stand on the same ground in regard to costs; that it ought not to be left to the option of a plaintiff, to make an attorney pay the costs of this Court, by electing to sue him by bill in term time." A corresponding provision was afterwards inserted in the act extending the jurisdiction of Justices.(f) The exception of time, during the session of the Court, is no objection. It is a mere suspension of the right to sue in the ordinary way, during term time.

Motion granted.