GRINNELL vs. DENISON and others.

A party to an action cannot recover fees for his own attendance and mileage, as a witness therein in his own behalf.

APPEAL from the Circuit Court for *Jackson* County. At the trial of this cause the plaintiff was nonsuited. The clerk, in taxing the defendants' costs, disallowed certain fees claimed by them, for travel and attendance as witnesses on their own behalf. On appeal from this taxation, the court directed the costs to be taxed as claimed by the defendants, from which decision the plaintiff appealed.

*W. H. Tucker*, for appellant.

*By the Court*, PAINE, J. Since this appeal was taken, the defendant *Wm. Denison* has died. No steps have been taken to make his administrator a party to the suit, and it was suggested that no administrator had been appointed. Sec. 4, chap. 135, R. S., 1858, provides that on the death of any of several defendants or plaintiffs, where the cause of action survives, it shall be prosecuted by the surviving plaintiffs or against the surviving defendants, as the case may be. We shall not attempt to determine what effect should be given to this section, as there was no argument upon the question, and no appearance here by any of the defendants.

The only question presented on the appeal is, as to the right of parties who swear in their own behalf under the statute, to tax their fees as witnesses in their own favor. And we think they have not such right. The statute allowing parties 'so to swear, makes a radical change in the law in that respect, and however beneficial it may be in the provisions which it makes, yet we do not think any effect should be given to it beyond what its provisions require. It does not provide that parties swearing in their own behalf may tax fees for themselves as witnesses. And it is obvious that there is a clear distinction between them and other witnesses in this respect. For where the party is obliged to procure the attendance of another witness, the law presumes that he has to pay him the legal fees, as he cannot compel his attendance without. But the party generally attends at the trial of his own case for other purposes besides that of being a witness. And although the law has allowed him to swear in his own behalf, that does not indicate an intention on the part of the legislature to place him on the same footing with

June Term, 1860.

GRINNELL
v.
DENISON et al.

July 30.

an ordinary witness in all respects, and allow him to tax his mileage and *per diem* for traveling to, and attending upon, the trial of his own case. If this right were allowed, we think, without some statutory provisions regulating it more perfectly, it would be liable to frequent abuse.

We are therefore of the opinion that the clerk was right in rejecting those items, and that the circuit court erred in allowing them. For these reasons, the order appealed from is reversed, with costs, and the cause remanded, though we make no decision as to the effect of this judgment upon the rights of the representatives of the deceased defendant.