HORACE W. BARRY

*vs.*

\*FRANK McGRADE et al.

In an action of tort against several defendants where there is a verdict in favor of some of the defendants, and in favor of the plaintiff as to the other defendants, the defendants prevailing are entitled to costs under *Sec. 2, Chap.* 67, *Gen. Stat.*

When the defendants in whose favor a verdict is rendered in an action of tort, rely upon the same defense, unite in the same answer and appear by the same attorney, and there is but one trial as to all, they are entitled jointly to ten dollars statutory costs, and not severally to that sum.

A defendant is entitled to fees as a witness only when it appears that he attended solely as a witness for his co-defendants.

Only such rulings in the taxation of costs will be reviewed on appeal as were excepted to by the party aggrieved.

When the same persons are defendants in different actions, and incur a joint expense for documentary evidence necessary for their defense in several actions, and use the same in such actions, they may charge such expense as a disbursement in either action, at their election, provided such charge is made in one action only.

This action was brought against the defendants (some thirteen in number) for the wrongful taking and conversion of certain personal property of the plaintiff. Issue was joined in the action, the defendants all appearing by the same attorneys, and uniting in one answer. The cause was tried at the Carver County District Court, and resulted in a judgment in favor of plaintiff against two of the defendants for

*This case was argued and determined at the July term, 1868.—REPORTER.

damages, &c., and a judgment in favor of the eleven defendants for costs.

The costs were taxed by the Court below, and the eleven defendants take an appeal from the taxation. The grounds of the appeal, and the points presented sufficiently appear in the opinion of the Court.

BROWN & PECK for Appellants.

W. P. WARNER for Respondent.

*By the Court*—MᶜMILLAN, J.—This is an appeal, by the defendants in whose favor judgment was rendered, from the taxation of costs by the Judge of the District Court on an appeal from the taxation by the Clerk.

In an action of tort against several defendants, where there is a verdict in favor of some of the defendants, and in favor of the plaintiff as to the other defendants, the defendants prevailing are entitled to costs, under *Sec.* 2, *Ch.* 67, *Gen. Stat., p.* 495.

Where the defendants in whose favor a verdict is rendered in an action of tort, rely upon the same defence, unite in the same answer, and appear by the same attorney, and there is but one trial as to all, we think under our statute they are entitled jointly to ten dollars statutory costs, and not severally to that sum.

We find a difference in the decisions of the courts of New York upon this question,—[*Castellanes vs. Beanville and others*, 2 *Sandf. S. C. R.*, 670 ; *Daniel vs. Lyon and others*, 5 *Seld.*, 549]—and regard the rule stated as the correct one under our statute.

No fee is allowed to an attorney or counsel in a cause

for attending as a witness in such cause.  *Gen. Stat., Ch.* 70, § 36, *p.* 511.

The defendants claim that they were entitled to fees as witnesses in the cause, and that the affidavits are sufficient. In the affidavit of disbursements, it appears that each of the defendants appealing attended as a witness, not only for his co-defendants, but also for himself. We think a defendant is entitled to fees as a witness, only when it appears that he attended solely as a witness for his co-defendants.

Under this rule the defendants in this instance would not be entitled to fees. But we can review only such rulings of the court in the taxation of costs as were excepted to by the party aggrieved, and as the defendants did not except to the allowance of fees to the defendants for one day's attendance, nor take an appeal from the taxation by the judge, the allowance to this extent cannot be interfered with.

When the same persons are defendants in different actions, and incur a joint expense for documentary evidence necessary for their defense in several actions, and use the same in such actions, they may charge such expense as a disbursement in either action, at their election, provided such charge is made in one action only. The disallowance of the items for documentary evidence, and the " first two affidavits " mentioned by the judge, therefore was erroneous.

The fees of the defendant Coulter it seems were paid by the plaintiff, and there is some difference in the evidence as to the fact whether the attendance of Gardner and Titus at the October Term, 1866, was for this case. Under this state of facts, we see no reason why we should disturb the conclusion of the judge as to the disallowance of the items claimed for their fees as witnesses. The taxation of costs by the judge should be modified in accordance with this opinion.