ZAPHNA B. WILLISON v. BERNHARDT L. DESENBERG ET AL.

*Fraudulent Debtor's Act—Affidavit for warrant—Sufficiency of evidence to support finding—Chattel mortgages, false in fact, should not be filed—Variance between mortgage and debt.*

The Fraudulent Debtor's Act (Comp. L., § 7180) allows a complainant to examine the defendant on oath and requires the examination to be taken down and signed by defendant. *Held* that where defendant was examined on his own behalf, the want of his signature would not be considered error for the purpose of defeating the proceedings.

The Supreme Court will not review the conclusions of a justice upon the sufficiency of evidence to sustain an affidavit for a warrant under the Fraudulent Debtor's Act.

A man filed a mortgage on his present and future stock to secure a greater sum than he owed, and kept possession. He had nothing else liable to execution. *Held* that these facts, though not conclusive, tended to show that he had disposed of property in fraud of creditors, and should go to the jury with other facts.

A chattel mortgage false in fact should not be placed on the public files to the injury of third persons.

A mere variance between the amount of a mortgage and the actual debt is not conclusive evidence of fraud, but is admissible in connection with other facts as bearing on the question whether there was any.

An affidavit for a warrant under the Fraudulent Debtor's Act is sufficient if it shows the demand on which it is issued to be in judgment, and that the defendant could not be arrested on it.

In proceedings under the Fraudulent Debtor's Act, an affidavit that a levy sufficient to satisfy the demand had already been made upon the debtor's personal property, is not in itself such a conclusive showing as to require the proceedings to be dismissed.

Certiorari to justice of the peace. Submitted June 5. Decided June 10.

*Clement Smith* and *C. M. Knappen* for plaintiff in certiorari. A levy on personalty sufficient to pay the execution is *prima facie* a satisfaction of the debt, *Farmers' & Mech. Bank v. Kingsley*, 2 Doug., 378; *Henry v. Gregory*, 29 Mich., 68; *Clerk v. Withers*, 2 Ld. Raym., 1072:

1 Salk., 323: 6 Mod., 270: Holt's Rep., 303; *Ladd v. Blunt*, 4 Mass., 402; *Bagley v. French*, 2 Pick., 590; *Hoyt v. Hudson*, 12 Johns., 207; *Denton v. Livingstone*, 9 Johns., 98; *Cass v. Adams*, 3 Ham., 223; while there is a valid levy on sufficient personalty, it is irregular to begin proceedings under the Fraudulent Debtor's Act, *Trafton v. Gardiner*, 39 Me., 501; *Johnson v. Maxon*, 23 Mich., 143; an affidavit for a warrant for the arrest of a fraudulent debtor does not give jurisdiction if it does not specify the form of action on which the alleged judgments were rendered or whether rendered by confession or on suit (*Badger v. Reade*, 39 Mich.), or show affirmatively that there is a demand due from defendant and specify the nature and amount of it, *Brown v. Treat*, 1 Hill, 225; it must make out a *prima facie* case of fraud, *Teachout's Case*, 15 Mich., 346; and set forth such facts as will authorize the justice to find the state of facts which the statute requires to authorize the proceeding, *Procter v. Prout*, 17 Mich., 473; it is not enough that the facts stated show probable fraud, *Gillett v. Thiebold*, 9 Kan., 427; *Arnold v. Thomas*, 1 How. Pr., 246; *Campbell v. McCormick*, id., 251; *Hathorn v. Hall*, 4 Abb. Pr., 227; *Lester v. Blodgett*, 2 How. Pr., 110; *Gale v. McAllister*, 2 How. Pr., 272; *Perry v. Wing*, 3 How. Pr., 13; it is not claimed in this case that defendant made false or fraudulent representations, or bought goods intending not to pay for them, *Van Kirk v. Staats*, 24 N. J. L., 121; *Birchell v. Straus*, 28 Barb., 293; *Gaffney v. Burton*, 12 How. Pr., 516; *Draper v. Beers*, 17 Abb. Pr., 163; there must be satisfactory evidence establishing the complaint, *People v. Van Valkenburgh*, 6 Hill, 429; *Vredenburgh v. Hendricks*, 17 Barb., 179; *McKernan v. McDonald*, 27 N. J. L., 541; *Brodhead v. McConnell*, 3 Barb., 175.

*C. G. Holbrook* and *James Clarke*, for defendants in certiorari.

MARSTON, J. This case comes here in return to a

writ of certiorari issued to bring up for review certain proceedings had before a justice of the peace under the Fraudulent Debtor's Act.

The errors alleged in the affidavit upon which the writ was allowed were:

*First.* That the justice erred in not dismissing the proceedings on motion based upon the affidavit filed setting forth that a levy had been made upon personal property of the defendants sufficient to satisfy the claim at the time these proceedings were commenced.

*Second.* That the justice had no jurisdiction because of the insufficiency of the affidavit filed as a basis for the warrant, said affidavit being defective in this: it states the demand to be in judgment, but does not state that the demand upon which the judgment was rendered was one for which the defendant could not be arrested or imprisoned under either sections one or two of chapter 230 of the Compiled Laws.

*Third.* That the justice erred in finding the allegations in said affidavit sustained. That neither of the allegations were sustained by the evidence.

*Fourth.* That the justice erred in not reducing the examination of the defendant to writing and in not having defendant sign the same.

The allegations set forth in the affidavits upon which the warrant issued, and which the justice found were sustained, were that Willison had property and rights in action which he fraudulently concealed, and money and evidences of debt which he unjustly refused to apply in payment of the judgments, and that he had assigned and disposed of his property with intent to defraud his creditors.

The errors assigned will be considered in their inverse order:

1st. The justice returns that he did reduce the testimony of the defendant to writing, but the return is silent as to whether the same was subscribed by the defendant.

The statute (Comp. L., § 7180) gives the complainant

the right to examine the defendant on oath where the facts are controverted, and requires the answers of the defendant to be reduced to writing and subscribed by him. The complainant did not in this case call or examine the defendant; he was sworn in his own behalf, and although the reason may may be the same in such a case, yet the letter of the statute does not require such examination to be subscribed, and we should not so construe this statute as to defeat what was done. We are of opinion that this objection is not well taken.

2d. That the justice erred in finding the allegations in the affidavit sustained.

If there was evidence tending to sustain either allegation to the satisfaction of the justice, that would be sufficient. The weight thereof was for the justice, and we cannot review his finding or conclusion thereon. The correctness of this position is no longer open to controversy in this State.

The evidence introduced showed that on the 4th day of September, 1878, the defendant executed to J. Hollon & Son, in consideration of the sum of fifteen hundred dollars, as recited therein, a mortgage upon all the stock of groceries and goods of any kind then in the store of the first party (defendant), also on all fixtures in said store belonging to the first party, and on all notes and book accounts belonging to the first party and connected with his grocery business. The right to sell in the ordinary course of trade was reserved, with the express agreement and understanding that all goods purchased thereafter and placed in the store, and all future notes and accounts connected with the business, should be covered by this mortgage, and the second party should have a lien thereon for the payment of fifteen hundred dollars. This property was to remain in the possession of the mortgagor. The sum of fifteen hundred dollars was to be paid on or before one year from the date of the mortgage, with the privilege of paying at any time in sums not less than fifty dollars. And the mortgagor

expressly covenanted and agreed to pay the said sum of fifteen hundred dollars. The mortgage contained the usual provisions authorizing the mortgagee to take possession at any time he might deem himself insecure, and with authority in such a case to sell on giving six days' notice. This mortgage was properly filed on the same day it was given. The defendant testified that at the time this mortgage was given, he was indebted to Hollon & Son, the mortgagees, in the sum of $700 on account, $400 on a note, and for a bill of goods that day ordered amounting to $183.31; that Hollon requested him to give a mortgage for $1,500, and that he, Hollon, would carry defendant to that amount. There was evidence given tending to show that payments had been made by defendant to Hollon & Son after giving this mortgage, reducing the amount of the indebtedness secured thereby. There was evidence given tending to show that defendant had no other property liable to execution, and that at and before the time the proceedings in this case were commenced, defendant had said all the stock of goods and other property covered by the mortgage belonged to Hollon & Son, and that he, the defendant, was then doing business for Hollon & Son, and should continue so to do. We are of opinion that this evidence fairly tended to show that the defendant had disposed of some of his property with the intent of defrauding his creditors. The evidence was not conclusive, and when taken in connection with all the other facts in the case, the court perhaps might have come to a different conclusion. Whether there was a fraudulent disposal of his property or not, with such an intent, was a question of fact to be drawn from all the evidence.

Here was a chattel mortgage, broad and sweeping in its provisions, upon all the available property which the defendant then had, and upon all of a certain kind or class which he should thereafter acquire from any source, given to secure the payment of a certain sum. That amount was not an existing indebtedness at the

time the mortgage was given, and might not be. True the actual indebtedness then existing was nearly the amount which the mortgage was given to secure, but the difference in amount is immaterial, the principle is the same. This mortgage might have been, and as the evidence shows, was reduced by payments, yet upon its face it still purported to be a security for an actual existing indebtedness of fifteen hundred dollars. The theory of our legislation upon the subject of chattel mortgages, where the mortgagor is permitted to remain in possession, is that the mortgage shall be placed on file in a public office for the inspection of those interested, so that they may ascertain the amount of the indebtedness secured thereby. This mortgage upon its face purported to secure an indebtedness of fifteen hundred dollars, while it is clear the actual indebtedness fell short of this. To this extent the mortgage was false upon its face and conveyed erroneous information to all who should examine it. It may be said that under the actual agreement the amount might have been increased to fifteen hundred dollars. This is true, but no such agreement binding upon Hollon & Son was actually made.

They might have refused to increase the amount of the indebtedness, but if such a binding agreement was made, then it should have been expressed in the instrument, so that parties dealing with the mortgagor might have known the full force and extent thereof. No good reason can be given for placing upon the public files or records an agreement which is not true in fact, in lieu of the actual agreement of the parties. And no encouragement should be given by the courts to such a practice, in cases where the rights of third parties may injuriously be affected thereby. We must not be understood as holding that a variance, in an immaterial sum, between the amount stated and the actual indebtedness would in all cases be evidence of fraud, or that a variance could in any case be considered as conclusive; such

41 MICH.—21.

evidence is admissible, and with all the other facts and circumstances in the case, may be considered by the court or jury, upon the question of a fraudulent intent and disposition of property. When we consider all the facts in this case bearing upon the question of a fraudulent disposition of property, we are of opinion there was sufficient to warrant the justice in the conclusion arrived at.

3d. The objection raised to the sufficiency of the affidavit is untenable. It sufficiently appears and is alleged that the demand was one upon which the defendant could not be arrested.

4th. That the justice erred in not dismissing the proceedings because of the levy made upon personal property.

This question arose upon motion based upon the affidavit of the defendant. It in no way appeared, nor was the fact that a levy had been made upon personal property referred to in any way, in the affidavits upon which the warrant of arrest was issued. Certain facts in reference to a levy did appear which we may refer to hereafter.

It is apparent that the affidavit upon which this motion was based would not necessarily be conclusive as to the facts therein stated.

The complainant would be at liberty to controvert the fact that a levy had been made, or that if one was made that it was not upon property of the defendant, or that the property levied upon was wholly insufficient, or state other facts showing that the levy would be fruitless. While we think the record does with sufficient clearness set forth that some showing was made before the justice in opposition to that made by defendant and upon which the motion was based, yet what that showing was, the character or extent thereof, is not set forth in the record. The return shows that the justice denied the motion, it appearing that the goods levied upon had been replevied by Hollon & Son. In other words there

must have been a showing made that the goods levied upon were claimed by third parties who had asserted their right of property therein. In the affidavits made upon which the warrant of arrest was issued, it was set forth that the sheriff on the 6th of December went to defendant's store to levy upon the goods there by virtue of executions against the defendant, but in whose favor is not set forth, and was there informed by defendant that the goods belonged to third parties and that he had no interest in them. Now whether these were the executions in favor of the complainant and whether a levy was made upon these goods said by defendant to belong to Hollon & Son, we are not informed, or of what facts relating thereto were brought to the attention of the justice. Certain facts did appear in the affidavits then before the justice, and it is clear that farther facts must have been presented, and we cannot presume they were not sufficient to fully justify the justice in denying the motion, and whether the reasons given by the justice were or were not sufficient, is wholly immaterial. The justice was not bound to believe the affidavit of the defendant that levies had been made upon his goods sufficient to satisfy the claim, and it does not appear that the justice found such to be the fact. The question therefore as to the effect of a sufficient levy upon personal property does not arise in this case and will not be considered.

Order affirmed with costs.

The other Justices concurred.