HENRY FLAACKE

*v.*

THE MAYOR AND ALDERMEN OF JERSEY CITY and others.

1. A solicitor who is a party to a suit and appears in his own behalf, is entitled to the allowances made by the fee bill for his services therein, except a retaining fee.

2. Certain items of costs and their taxation and allowance considered.

3. The act of 1879 (*P. L. of 1879 p. 103*) only applies to the clerk's fees on papers bearing specified endorsements, and not to affidavits of verification and schedules attached to bills or answers.

Motion for retaxation of costs.

*Mr. S. B. Ransom,* for the motion.

*Mr. S. C. Mount,* contra.

THE CHANCELLOR.

The complainant objects not only to certain items of the bills of costs as taxed for the defendants Andrew B. Church and S. C. Mount respectively, on the ground that the allowances are

Flaacke v. Jersey City.

greater than the law authorizes, but insists that Mr. Mount, who is a solicitor of this court, and appeared in the cause in his own person, is not entitled to any costs, because he did not appear by solicitor. The objections cannot be sustained. A solicitor who is a party to a suit and appears in his own person, is entitled to the allowances made by the fee bill for his services therein, except, of course, for a retaining fee. *Willard* v. *Harbeck, 3 Denio 260.*

The objections made to the items of the bill are directed to the number of folios charged for papers drawn or copies obtained, which it is claimed is excessive; to the allowance made for drawing, engrossing and taxing costs, which it is insisted is more than is allowed by law for the respective services rendered; to the allowance to the clerk for entering appearance, and to the allow-

NOTE.—Officers may not detain papers or records until their fees are paid. *Anon.,* Dickinson's Prec. 24; *Taylor* v. *Lewis,* 2 Ves. 111; *Hayne* v. *Watts,* 3 Swanst. 93; *Wait* v. *Schoonmaker,* 15 How. Pr. 460; *Young* v. *Sutton,* 2 V. & B. 365; *Rex* v. *Bury,* Doug. 185, note; see *Owen's Case,* 2 Ves. 25; *Farewell* v. *Coker,* 2 P. Wms. 460; nor the body, after a *habeas corpus, Hopman* v. *Barber,* 2 Str. 814.

A party not a practicing attorney or solicitor cannot be entitled to costs for practicing. *French* v. *Morgan,* 1 Hogan 230; *Stewart* v. *N. Y.,* 10 Wend. 597; *People* v. *Steuben,* 12 Wend. 200; *Verplanck* v. *Mercantile Ins. Co.,* 1 Edw. Ch. 46; *Gillis* v. *Holly,* 19 Ala. 663. In *Gordon* v. *Scott,* 2 Bank. Reg. 28, a party serving the subpoenas on his own witnesses was held entitled to the costs therefor. See *Anon.,* Hal. Dig. 240 § 8.

Nor one pretending to be an attorney, but who has never been admitted. *Coates* v. *Hawkyard,* 1 Russ. & Myl. 746; *Willett* v. *Lord Clifton,* Glassc. 254; *Humphreys* v. *Harvey,* 1 Bing. N. C. 62; *Jones* v. *Hayman,* Barn. 46; *Ames* v. *Gilman,* 10 Metc. 239; *Perkins* v. *McDuffee,* 63 Me. 181; *Tedrick* v. *Miner,* 61 Ill. 189; *Robb* v. *Smith,* 3 Scam. 46; see *Stevens* v. *Fuller,* 55 N. H. 443.

A solicitor's being temporarily uncertificated will not estop him. *Jones's Case,* L. R. (9 Eq.) 63; *Prior* v. *Moore,* 2 M. & S. 605; see, however, *Sparling* v. *Brereton,* L. R. (2 Eq.) 64; *Angell's Case,* 6 D. & L. 144; *Fullalove* v. *Parker,* 8 Jur. (N. S.) 1078; *Young* v. *Dowlman,* 3 You. & Jer. 24; nor affect the rights or liabilities of the parties to the suit, who are not attorneys, *Reader* v. *Bloom,* 10 Moore 261, 3 Bing. 9; *Hope's Case,* L. R. (7 Ch.) 766.

An admission in another court has sometimes been deemed sufficient. *Wilkinson* v. *Diggell,* 1 B. & C. 158; *Hulls* v. *Lea,* 10 Q. B. 940; see *Evans* v. *Duncombe,* 1 Cr. & Jer. 372; *Hill* v. *Sydney,* 7 Ad. & El. 956.

Attorneys who are partners should all be admitted in the courts in which they practice. *Willett* v. *Lord Clifton,* Glassc. 254; *Hittson* v. *Browne,* 3 Col. 304. Yet it seems sufficient to recover, that one of them has been admitted in the court where the services were rendered. *Arden* v. *Tucker,* 4 B. & Ad. 815;

ance to him of separate filing-fees for the answer and the affidavits and schedules annexed thereto. The objection to the charge for drawing, taxing and filing costs is that the charge is $1.85, while it should be only eighty-nine cents, made up as follows : thirty cents to the solicitor for drawing the bill of costs ; thirty-eight cents to the clerk for taxing it ; nine cents for filing, and twelve cents for a copy. The solicitor is entitled to thirty cents a folio for drawing the bill. If the bill be estimated at three folios, as it appears to have been in this case (and whether such estimation is right or not is a mere matter of computation), the solicitor would be entitled to ninety cents for drawing it. The clerk performing the solicitor's work, at his request, charges him for it the fees to which the latter is entitled ; and for convenience in keeping accounts

*Harland* v. *Lilienthal, 53 N. Y. 438 ; Turner* v. *Reynell, 14 C. B.* (*N. S.*) *323 ; Meddowcroft* v. *Holbrooke, 1 W. Bl. 50 ;* see *McGill* v. *McGill, 2 Metc.* (*Ky.*) *258 ; Klingensmith* v. *Kepler, 41 Ind. 341 ; Jones* v. *Page, 44 Ala. 657.*

The omission to obtain a license from the United States does not disqualify an attorney as to costs. *Harrington* v. *Edwards, 17 Wis. 586 ;* nor the omission of a stamp from his certificate, *Middleton* v. *Chambers, 1 M. & G. 97.*

Proceedings against one not an attorney, if he held himself out to the plaintiff as such, will not be set aside. *Lloyd* v. *Fenton, Hay. & Jon. 35.*

In a suit against an attorney he cannot conduct his defence both in person and by attorney. *Robinson* v. *Palmer, 2 Allen* (*N. B.*) *223 ; Moscati* v. *Lawson, 1 M. & Rob. 454 ; New Brunswick R. R.* v. *Conybeare, 9 H. of L. Cas. 711 ;* but see *Bolan* v. *Egan, 2 Brev. 426 ; Johns* v. *Bolton, 12 Pa. St. 339 ; Branson* v. *Caruthers, 49 Cal. 374 ; Cobbett* v. *Hudson, 1 El. & Bl. 11.*

An executor, administrator, guardian or trustee, who is also an attorney, cannot recover for professional services rendered the estate. *3 Wms. on Exrs.* (*6th Am. ed.*) *1854* (*y*) *&c., 1861* (*m*) ; *Willard* v. *Bassett, 27 Ill. 37 ; Key's Estate, 5 La. Ann. 567 ; Allen* v. *Jarvis, L. R.* (*4 Ch.*) *616 ; Spinks* v. *Davis, 32 Miss. 152 ; Christophers* v. *White, 10 Beav. 523 ; Moore* v. *Frowd, 1 Jur. 653 ; Ontario* v. *Winnaker, 13 Grant's Ch. 443 ; Meighen* v. *Bell, 24 Grant's Ch. 503 ; Broughton* v. *Broughton, 5 De G. M. & G. 160 ; Morgan* v. *Hannas, 49 N. Y. 667 ;* but see *Stanes* v. *Parker, 9 Beav. 333,* and cases in note; *Harris* v. *Martin, 9 Ala. 895 ; Morgan* v. *Nelson, 43 Ala. 586 ; Mumma's Account, 5 Pa. L. J. Rep. 424 ; Scott* v. *State, 2 Md. 284 ; Clack* v. *Carton, 7 Jur.* (*N. S.*) *441 ; Hanson* v. *Baillie, 2 Macq. 80 ; Teague* v. *Corbitt, 57 Ala. 529 ; Welge's Case, 1 Fed. Rep. 216.*

The rule does not apply when such costs are not payable out of the trust funds. *Col. Co.* v. *Cameron, 24 Grant's Ch. 548.*

The mayor of a city has been held competent to act as its attorney. *Niles* v. *Muzzy, 33 Mich. 61.* See *Gibson* v. *Zanesville, 31 Ohio St. 184 ; Powers* v. *Decatur, 54 Ala. 214 ;* but in *Vin. Abr. Attorney* (*k*), it is said that in an action

between them, places the charge in the clerk's column instead of the solicitor's. The charge of $1.85 is, if the bill in fact contains three folios, correct. The objection to the charge for entering appearance is that fifty-two cents are allowed for it, whereas but twenty cents should have been allowed. Here, again, the clerk has done the solicitor's work and charges him the fees to which the latter is entitled for doing it. The solicitor's fees for drawing the appearance are according to immemorial practice, there being no special provision for this work in the fee bill, as there is not for his compensation for drawing a bill of costs, is twenty cents. The clerk was, as the law stood when the appearance was entered, entitled to twelve cents for filing, and to twenty cents for entering the appearance. There is no error in this item.

by the commonalty of a town, one of the commonalty cannot appear as attorney for the commonalty, for he is party to the action; a statute prohibiting a director of a bank to appear as its attorney was deemed constitutional ( *West Feliciana R. R.* v. *Johnson, 5 How. (Miss.) 273*); so brokers who were also attorneys were held not entitled to charge counsel fees for services about the business of their employer in relation to lands in their hands as such brokers ( *Walker* v. *American Nat. Bk., 49 N. Y. 659 ; Dyer* v. *Sutherland, 75 Ill. 583*); nor can a receiver act as his own counsel so as to charge the estate for his services (*Bank of Niagara Case, 6 Paige 213 ; McGourky* v. *Downs, MS. N. J. Chan. May Term, 1880 ;* see *Adams* v. *Woods, 8 Cal. 321*); nor can one member of a partnership who is an attorney, charge the others for professional services about the firm's affairs, either before or after dissolution (*Milburn* v. *Codd, 7 B. & C. 419 ; Van Duzer* v. *McMillan, 37 Ga. 299 ; McCrary* v. *Ruddick, 33 Iowa 521*); nor can an attorney who is a mortgagee recover his costs on his own foreclosure (*Sclater* v. *Cottam, 3 Jur. (N. S.) 630 ; Patterson* v. *Donner, 48 Cal. 369*); nor can a solicitor who has an interest in attending to a cause, charge for his services without an express agreement (*Martin* v. *Campbell, 11 Rich. Eq. 205 ;* see *Deere* v. *Robinson, 7 Hare 283*); but he would be liable for costs ( *Voorhees* v. *McCartney, 51 N. Y. 387 ; Cone* v. *Donaldson, 47 Pa. St. 363*); a director of a corporation who brought suit as an attorney against such corporation, was held entitled to costs (*Christie* v. *Sawyer, 44 N. H. 298*); as to a stockholder sustaining such relation, see (*Spence* v. *Whitaker, 3 Port. 297*).

An attorney can recover *ordinary* witness fees when he offers himself as a witness in his own case (*Leaver* v. *Whalley, 2 Dowl. 80 ; Taaks* v. *Schmidt, 25 How. Pr. 340*); or is called in another's case during his regular attendance at that term (*Parks* v. *Brewer, 14 Pick. 192 ; Marshall* v. *Parsons, 4 Jur. 1017 ; Abbott* v. *Johnson, 47 Wis. 239*); but fees when so in attendance were refused in *McWilliams* v. *Hopkins, 1 Whart. 276 ; Crummer* v. *Huff, 1 Wend. 25 ; Jones* v. *Botsford, 1 Pug. & Br. 581 ;* see *Reynolds* v. *Walker, 7 Hill 144*).

Flaacke v. Jersey City.

These charges by the clerk for solicitor's work at solicitor's rates, have the sanction of very long-continued practice through the administration of various clerks, and the propriety thereof seems not to have been called in question. They are just. If made in the solicitor's column of the bill of costs there would be no ground for challenging them, for the solicitor is entitled to make them. From time immemorial the practice has been, for convenience, to charge them in the clerk's column. It of course makes no difference to the suitor who is required to pay them, whether they are charged in the one or the other. If the clerk does such work for the solicitor at his request, the fee allowed to the latter by the fee bill would be the reasonable compensation for it.

Where the cause was conducted by one member of a firm of attorneys, the fees of another member called as a witness were allowed (*Butler* v. *Hobson*, 5 *Bing. N. C. 128, 1 Arn. 424*).

*Query*, whether an attorney who calls himself as a witness can *now* recover his fees, since other parties calling themselves cannot (*Grinnel* v. *Dennison*, 12 *Wis. 402*; *Hale* v. *Merrill*, 27 *Vt. 738*; *Nichols* v. *Brunswick*, 3 *Cliff. 88*; *Parker* v. *Martin*, 3 *Pittsb. 166*; *Grub* v. *Simpson*, 6 *Heisk. 92*; *Delcomyn* v. *Chamberlin*, 48 *How. Pr. 409*; *Stratton* v. *Upton*, 36 *N. H. 581*; see *Howes* v. *Barber*, 18 *Q. B. 588*).

It seems a co-defendant who attended solely as a witness may recover (*Barry* v. *McGrade*, 14 *Minn. 286*); so if the plaintiff call the defendant (*Harvey* v. *Tebbutt*, 1 *J. & W. 197*; *Goodwin* v. *Smith*, 68 *Ind. 301*; *Leeds* v. *Amherst*, 14 *Sim. 357*; *Young* v. *English*, 7 *Beav. 10*; see *Hutchins* v. *Hutchins*, *Ir. L. R.* (10 *Eq.*) *453*). If an attorney refuse obedience to a subpœna he can be punished for contempt as a witness only, and cannot be deprived of his office as attorney (*Com.* v. *Newman*, 2 *Phila.* 262).

If an attorney bears any other relation to the subject matter of the suit (*e. g.*) as an agent, auctioneer, &c., the court will not exercise summary jurisdiction over him (*Cocks* v. *Harman*, 6 *East 404*; *Grubb's Case*, 5 *Taunt. 206*; *Edwards* v. *Hodding*, *Id.* 815; *Toms & Moore's Case*, 3 *Ch. Cham. 41*; see *Dickson* v. *Wilkinson*, 4 *De G. & J. 508*; *Carroll's Case*, 2 *Ch. Cham. 323*; *Allen* v. *Aldridge*, 5 *Beav. 401*; *Rawes* v. *Rawes*, 7 *Sim. 624*; *Weeks on Attys.* §§ 77, 94; *Smith* v. *McLendon*, 59 *Ga. 523*; *Pennock* v. *Fuller*, 41 *Mich. 153*; 17 *Am. Law Reg.* (*N. S.*) 759 and note).

An attorney who is a party to a suit is entitled to recover his costs (*Gugy* v. *Brown*, *L. R.* (*1 P. C.*) *411*, reversing *S. C. 11 Low. Can. 409*; *Jervis* v. *Dewes*, 4 *Dowl. P. C. 764*).

He can recover nothing for loss of time (*Pritchard* v. *Walker*, 3 *C. & P. 212*;

Flaacke v. Jersey City.

The construction of the fee-bill which has been followed in the taxation of costs for filing the answer and its accompanying affidavits, &c., has existed for very many years and under different clerks in chancery, and though the attention of the legislature appears to have been drawn to it in the passage of the act of 1879 (*P. L. of 1879 p. 103*), yet it left the construction undisturbed except in the respects specified, and it so, by implication, recognized it. By that act it is provided that if upon any paper filed there be " endorsed any return, affidavit of service or of non-residence or statements of sheriffs on executions, or masters' fees, or other matter," but one fee for filing such paper with such matter endorsed thereon shall be allowed. It will be seen that the prohibition (for such, in view of the existence of the practice under consideration, it in effect is) is directed merely to certain endorsements, and it does not extend by its terms (nor by implication) to affidavits of verification and schedules attached to a bill or answer. It has reference to returns and matters of a like character, without regard to the mode in which they are made, whether it be by statement or affidavit.

All the charges excepted to are allowable, except the retaining fee in Mr. Mount's bill. It does not appear that he employed counsel, and therefore a retaining fee will not be allowed. As to the alleged excess in the charges and allowances for the number of folios in papers, those errors, if they exist, are of course to be corrected. No costs of this motion will be awarded to either party.

*Collins* v. *Godefroy*, 1 B. & Ad. 950 ; see *Corley* v. *Moore*, Glassc. 336 ; *Severn* v. *Olive*, 3 Irish Law Rec. 193).

He is not obliged to pay for a plea where he himself is plaintiff (*Anon. Sayer* 77).

The institution of county courts does not destroy an attorney's privilege as to suing and being sued in his own court, and subject him to costs for not recovering more than the amount recoverable in the inferior court (*Lewis* v. *Hance*, 5 D. & L. 641, 11 Q. B. 921; *Jeffreys* v. *Beart*, Id. 646 ; *Jones* v. *Brown*, 2 Exch. 329 ; *Johnson* v. *Bray*, 2 B. & B. 698 ; *Borradaile* v. *Nelson*, 14 C. B. 655 ; but see *Bailey's Case*, 1 Johns. Cas. 32 ; *Varian* v. *Ogilvie*, 3 Johns. 450 ; *Boulton* v. *Hubbard*, 6 Johns. 332 ; *Walsh* v. *Sackrider*, 7 Johns. 537 ; *Foster* v. *Garnsey*, 13 Johns. 465 ; *Wood* v. *Gibson*, 1 Cow. 597 ; *Draper* v. *Beasley*, 8 U. C. Q. B. 260).—REP.