ADJUDGED IN

# THE PREROGATIVE COURT

OF

# THE STATE OF NEW JERSEY.

FEBRUARY TERM, 1909.

---

MAHLON PITNEY, ORDINARY.

EDWIN ROBERT WALKER, VICE-ORDINARY.

---

THE ORDINARY OF THE STATE OF NEW JERSEY

*v.*

PAUL V. CONNOLLY and AMERICAN BONDING COMPANY OF BALTIMORE.

[Decided March 9th, 1909.]

1. Administrators' bonds are given to secure the creditors and next of kin of the deceased from loss through the default or fraud of the administrator, and amount to indemnity to the estate of the deceased.

2. The ordinary is appointed by statute to make good to all persons the damages sustained by occasion of the breach of the condition of an administrator's bond, and he must have the whole penalty, if necessary, for the purpose.

521

3. The damages assessable upon a judgment recovered on an administrator's bond should be an equitable equivalent for the condition not performed.

4. The surety of an administrator is required to bear any injurious consequences arising from loss to the estate through the administrator's default or fraud, and has no right to any favor or immunity that would not be accorded to the administrator himself.

5. The damages assessable upon a judgment for the penalty contained in an administrator's bond should include not only an equivalent for assets lost to the estate, but also all costs incurred, and reasonable counsel fees to the proctor who conducted proceedings for the removal of a derelict administrator, and to the attorney who prosecuted the suit at law to recover the penalty of the bond.

6. The general rule is that an attorney who acts for himself is not entitled to a counsel fee against his adversary.

7. An executor, administrator, guardian, or trustee, who is an attorney, cannot recover for professional services rendered the estate, but the rule does not apply when such costs are not payable out of the trust funds, and when their payment will not diminish the estate.

8. An administrator, who is an attorney, and who prosecutes a suit at law upon the bond of a former administrator, is entitled to a counsel fee as well as taxed costs to be included in the assessment of damages upon a judgment recovered on the bond against the derelict administrator and his surety.

---

On application for the allowance of counsel fees on the assessment of damages on a judgment on administrator's bonds.

*Mr. Floyd H. Bradley,* for the application.

*Mr. S. Conrad Ott,* contra.

WALKER, VICE-ORDINARY.

An administrator appointed by the Camden county orphans court for the personal estate of Elizabeth M. Stigale, deceased, was removed by that court for certain derelictions, and Mr. Bradley was substituted as administrator in his place and stead.

Subsequently, by an order of this court, suit was directed to be brought upon certain bonds given by the administrator and the American Bonding Company of Baltimore, his surety. Such suit was brought and judgment was recovered for $3,500, the penalties of the bonds, and $23.31 costs of suit.

Application is now made to assess the damages, and for direction that execution issue upon the judgment to make such damages, with costs, including counsel fees. The application, so far as it refers to counsel fees, is resisted.

The solution of the question at issue depends, in my judgment, upon the conditions in the bonds upon which the judgment was recovered. There were three bonds. The first one was an ordinary administration bond (in the penal sum of $100), and contained the following conditions—*first,* that the administrator will make and exhibit an inventory; *second,* that the goods, chattels and credits he will well and truly administer according to law; *third,* that he will make a true account of his administration; *fourth,* that all the residue of the goods, chattels and credits found remaining upon the account, as allowed by the proper court, he will deliver and pay over to the persons entitled. *Ordinary* v. *Cooley, 30 N. J. Law (1 Vr.) 271, 274.* In this case (*Ordinary* v. *Cooley*) the history and origin of the different conditions of an administrator's bond are set forth and commented upon, and it is shown that the first two conditions were to secure the making an exhibition of an inventory and the payment of debts (*Ordinary* v. *Cooley, 30 N. J. Law (1 Vr.) 277*), and the last two were to secure an accounting and to pay over the surplus to the next of kin. *Ordinary* v. *Cooley, 30 N. J. Law (1 Vr.) 278.*

The second bond (in the penal sum of $1,000) recited that surplus money amounting to $487.06 arising from the sale of mortgaged premises which were of the decedent, was about to come to the hands of the administrator for the payment of debts, and contained three conditions—*first,* to well and truly administer the surplus money; *second,* to account for the surplus which should be found remaining upon the account of such surplus money; *third,* to distribute and pay such surplus unto such person or persons as should be entitled to receive the same.

The third bond (in the penal sum of $2,400) contained three conditions—*first,* to well and truly administer the moneys arising from the sale of lands, tenements or real estate of the deceased directed by order of the orphans court to be sold; *second,* to account for his administration; *third,* and the surplus money

which should remain upon the account of such sale to distribute and pay unto the person or persons entitled to receive the same.

Administrators' bonds are given to secure the creditors and next of kin of the deceased from loss through the default or fraud of the administrator, and amount to indemnity to the estate. Indemnity is that which is given to a person to prevent his suffering damage. *1 Bouv. Dic. (Rawle's Rev.) 1010.* These bonds are given to the ordinary for the benefit of creditors and next of kin.

In *Hazen* v. *Durling, 2 N. J. Eq. (1 Gr. Ch.) 133,* it was held that the condition of an administration bond under the statute of this state is not restricted merely to the rendering of an account but is designed to secure a faithful administration of the estate. And in *Ordinary* v. *Snook, 10 N. J. Law (5 Halst.) 65,* the supreme court held (at *p. 69*) that the ordinary is appointed by statute to make good to all persons the damages sustained by occasion of the breach of the condition of an administration bond, and that he must have the whole penalty, if he should find it necessary, for those purposes.

A bond is a form of obligation under seal by which the party making it, the obligor, acknowledges himself bound to the other party, the obligee, in a specified form. Literally, the obligor, by the terms of the instrument, says that he is absolutely obliged to pay the penalty unless he fulfills the condition. On failure to perform the condition, the penalty became an absolute debt, and at law was recoverable. In equity, however, it was treated as security for the performance of a condition, and relief was granted against the enforcement of the penaly on payment of a sum as damages, ascertained to be an equitable equivalent of the condition not performed; in other words, the court would not allow the obligee to take more than in conscience he ought. *2 Suth. Dam. (3d ed.) § 470.*

The application now made is to include in the assessment of damages a fee for the counsel who took the proceeding in the orphans court for the removal of the administrator, and for a fee to the administrator himself, who is an attorney, and who prosecuted the same in the supreme court which resulted in a judgment on the administrator's bonds.

The judgment is against the administrator and his surety. Whatever can be recovered against the administrator on this judgment, can, of course, be recovered from the surety.

*In re Gaston Trust, 35 N. J. Eq. (8 Stew.) 60,* Vice-Chancellor Van Fleet said (at *p. 64*) that if the accounts of a trustee become lost through his carelessness, he should be required to bear any injurious consequences arising from their loss, and that the persons bound as sureties for the defaults and fraud of the trustee have no right to any favor or immunity that would not be accorded to the trustee. This case (*In re Gaston Trust*) was affirmed for the reasons given by the vice-chancellor. *S. C., sub nom. Veghte v. Steele, 35 N. J. Eq. (8 Stew.) 348.*

In *Osborne v. Eales, 2 Moo. P. C. (N. S.) 125,* it was held that recovery could be had to the full amount of the penal sum named in a bond of indemnity to protect a purchaser of land against adverse claims notwithstanding that the penalty greatly exceeded the original purchase-money, the purchaser having in discharge of the claim and expenses incident thereto expended a larger sum than the amount of the penalty named in the bond. The report of the case discloses that the amount recovered included two bills of costs amounting to over $3,500, one of which, amounting to over $2,000, was costs between attorney and client, and must, of necessity, have included a large amount of attorney's fees.

In *Ellis v. Norman, 44 S. W. Rep. 429,* the court of appeals of Kentucky held that the surety of a forfeited bail bond is entitled to reimbursement out of indemnity given him by the principal to the extent of attorneys' fees and other expenses incurred by him in good faith. As to the recovery of expenses on a forfeited bail bond, see, also, *Fisher v. Fallows, 5 Esp. 171,* and *Sparkes v. Martindale, 8 East 593.*

A surety may recover of his principal the costs which he has been compelled to pay in an action brought to recover of him the amount for which he was surety. *Apgar's Administrators v. Hiler, 24 N. J. Law (4 Zab.) 812.* And a surety is entitled to indemnity against the principal debtor, that is, he is entitled to be reimbursed and made whole. *Delaware, Lackawanna and*

*Western Railroad Co.* v. *Oxford Iron Co., 38 N. J. Eq. (11 Stew.) 151.*

It seems to me clear, upon principle and authority, that a reasonable counsel fee, necessarily incurred in the removal of an administrator, is recoverable as part of the damages resulting from his dereliction and sustained by occasion of the breach of the condition that he would well and truly administer the estate, or the breach of any of the other conditions, and for which purpose the ordinary may have the whole penalty of the bond, if necessary, as we have seen.

It remains to be considered whether the attorney who prosecuted the suit upon the bail bonds in the supreme court may be awarded a fee, in addition to costs, against the administrator and his surety. The general rule is that an attorney who acts for himself is not entitled to a counsel fee against his adversary. *Flaacke* v. *Jersey City, 33 N. J. Eq. (6 Stew.), 57.* An executor, administrator, guardian or trustee who is an attorney cannot recover for professional services rendered the estate, but the rule does not apply when such costs are not payable out of the trust funds. *Flaacke* v. *Jersey City, 33 N. J. Eq. (6 Stew.) 59,* note and authorities cited.

The reason usually assigned for not giving the solicitor profit costs, in such cases, is that he is not to profit by the trust estate. The value of that reason is only apparent when he is seeking to diminish that estate. *Colonial Trust Co.* v. *Cameron, 24 Grant Ch. 548, 553.*

Now, the attorney who prosecuted the suit at law upon the administration bonds is not here asking for a counsel fee out of the estate of the decedent which will come to his hands upon recovery under his judgment, but he is asking that the derelict administrator and his surety pay him a fee in addition to the costs of suit, just as they might be compelled to make such payment to counsel other than himself had he not prosecuted the suit in *pro pers.* The defendants in the suit at law cannot complain. The administrator undertook well and truly to administer the estate, and the surety was bound to see that he did so. The administrator having failed to perform this duty, he and his surety must indemnify and save harmless the estate to the full

extent up to the penalty of the bond. There is no reason that counsel securing the removal of the administrator and prosecuting the administration bonds should not be paid reasonable and proper fees for their services, and, on the contrary, there is every reason why they should be compensated. The estate should not be made to bear the burden of these charges, but they should be imposed upon the administrator and his surety who became bound that the estate should be well and truly administered according to law, for the benefit both of creditors and the next of kin of the deceased.

My conclusion upon the whole matter is, that both counsel are entitled to fees to be included in the assessment of damages against the derelict administrator and his surety. The sum of $50 will be awarded to counsel who took the proceedings which resulted in the removal of the administrator by the orphans court, and $50 will be allowed to the administrator himself, who, in his capacity as attorney, prosecuted the suit which resulted in the recovery of the judgment upon which the assessment is now to be made.