*85 N. J. Eq.*        In re Stewart.

---

In the matter of the application of MARY K. STEWART to sell lands limited over.

[Decided October 19th, 1915.]

A party litigant can have only *one solicitor of record,* who may be an individual practitioner, or a firm of practitioners, who, as such, are regarded as a single entity.

---

On petition signed and backed by two solicitors, who are not partners.

WALKER, CHANCELLOR.

Lands limited over were sold in this matter, and the life tenant, being the administratrix of the person who died seized, applies by petition to have certain moneys tolled out of the proceeds of sale to reimburse her for debts of the decedent paid by her, making the remaindermen respondents.

The petition is signed by two solicitors in their individual names, and both their names are endorsed upon the back of the petition. They are not partners. This is irregular. It is a practice quite too often resorted to and must be stopped. No party litigant can have two solicitors or attorneys *of record.* The

reason is that the adverse party shall not be put to an election upon which of the two to serve notices, or with whom of the two to treat concerning the litigation. He certainly cannot be required to serve duplicate notices, or seek an interview with another after having consulted one. Further, how is the clerk of the court to tell to which one of the solicitors' accounts he is to charge the papers that are to be filed? He certainly has no right to make an election, nor has he any right to divide the charges between them. If a party could have two solicitors of record, why not three, four, five or six, or any other number. And what an embarrassment to the adverse party this would make.

It seems to have taken a statute to permit attorneys or solicitors, who are partners, to practice in their partnership names. The Practice act provides that "attorneys who are partners may, in their partnership name, appear and prosecute or defend any action in any court of this state." *Comp. Stat. p. 4053, § 1.* Mr. Dickinson, in his Chancery Precedents, refers to this statute as authority for solicitors, who are partners, to appear and prosecute or defend. *Dick. Ch. Prec. (rev. ed.) 281 note a.*

The term "attorney of record" is well known. It is mentioned in *2 Cyc. 12, 867.* The term "solicitor in chancery" is equally well known in England and in this state. The rules of the court of chancery make frequent reference to a *solicitor* of a party, but not to the *solicitors* of a party. The same may be said of the rules of the supreme court as to attorneys-at-law.

A party litigant may have a number of counsel to advise him, and to actually participate in a trial as his representatives, but he can have only *one* attorney or solicitor *of record,* who may be an individual practitioner, or a firm of practitioners, who, as such, are regarded as a single entity.

In *Weeks on Attorneys (2d ed.),* it is laid down, in section 220 (at *p. 458*) :

"One who appears only as counsel in a case is not authorized to sign a stipulation for a continuance, even if he be an attorney and counselor of the court in which the suit is pending. The conduct of a suit, except in a matter arising in the argument or hearing before the court, is exclusively under the control of the attorney of record in it. Whatever interest other counsel may have in the event of the suit, or the subject-matter of it, they are virtually strangers to the record."

The petitioner in the matter at bar must elect as to which of the two solicitors who signed her petition, and whose names are endorsed upon its back, shall represent her as *solicitor of record,* and the name of the other must be struck out.