This was a foreclosure suit, and the complainant is entitled to a final decree by default, and the solicitors of the complainant apply for a counsel fee to be paid to them instead of the retaining fee now allowed to counsel by statute, and that the same be included in the taxed bill of costs and collected with the other items of such bill. The firm of Henn Burr signed the bill as solicitors, and Mr. Henn himself signed as counsel. He himself is the complainant.
The question arises whether the complainant's solicitors *Page 348 
are entitled to such counsel fee, when the complainant is a lawyer and a member of that firm.
In Flaacke v. Jersey City, 33 N.J. Eq. 57, Chancellor Runyon held at the October term, 1880, that a solicitor who is a party to a suit and appears in his own behalf is entitled to the allowances made by the fee bill for services therein, except a retaining fee, remarking (at p. 62) that it does not appear that the solicitor employed counsel and therefore a retaining fee will not be allowed. In Ordinary v. Connolly, 75 N.J. Eq. 521,
I held that the general rule is that an attorney who acts for himself is not entitled to a counsel fee against his adversary, and that an executor, administrator, guardian or trustee who is an attorney, cannot recover for professional services rendered the estate; but the rule does not apply when such costs are not payable out of the trust funds and when their payment will not diminish the estate. There is no question of trusteeship here.
The instant case comes within the first ruling above set out, unless, being a member of the firm, the firm may recover such counsel fee against an adversary party, notwithstanding one of the firm is the complainant in the case; for here is no question of a trustee who is an attorney suing an adversary party, and the fee of the attorney so suing will not diminish the estate of acestui que trust.
Just prior to Flaacke v. Jersey City, the supreme court decided at the February term, 1880, in Drake v. Berry,42 N.J. Law 60, that where an attorney is a party to an action and obtains a judgment in his favor he is entitled to the same taxable costs as if he conducted the action as attorney for some other person. There the adversary party offered to pay the taxed costs, excepting the attorney's fees, and the court said that an attorney acting for himself is entitled to the usual attorney's fees given as part of the taxable costs in the cause.
There is a conflict in the decisions between this court and the supreme court. The court of errors and appeals has not spoken. And in this situation, I feel bound to follow the decision of the court of chancery. *Page 349 
The only question remaining is whether or not the plaintiff, being a member of the partnership of the attorney's firm who prosecuted the action, the counsel fee may be allowed.
In 15 C.J. 116, it is said that there is a conflict of authority as to whether an attorney conducting a case in his own behalf is entitled to taxed fees therefor as costs, some decisions holding that he is not, others that he is entitled to the same taxable costs as if he had conducted the action as attorney for another; and other decisions holding that he may tax attorney's fee as in other cases, except retaining fee; citing cases — among them Drake v. Berry and Flaacke v. JerseyCity.
This is an important matter, for, if a counsel fee is allowed in this case it may amount to over $1,000, because the rule of court, in pursuance of the Chancery act, provides that where the amount adjudged to the complainant in the decree is over $25,000, the fee shall be such as the court shall determine, according to the actual services rendered, not exceeding one per cent. (erroneously said in rule No. 147 to be two per cent.), and the decree for the complainant in this case is $140,140. Now, say a counsel fee of $1,000 (which is less than one per cent.) was allowed, it would be taxed in the costs, and the costs would be a prior lien; so that if the property only brought $100,000 at the sale, the costs, including counsel fee, would be paid first and the complainant's claim would have to abate; whereas, if the property brought the full amount of the decree, principal, interest and costs, the defendant would pay the fee, in addition to the principal and interest of the mortgage.
A firm of practitioners of law, as such, are regarded as a single entity. In re Stewart, 85 N.J. Eq. 3; State v. Merra,99 N.J. Eq. 480. When a counsel fee is awarded to a partnership composed of lawyers the award is to the firm. Only one allowance should be made for counsel fees. Conover v. West JerseyMortgage Co., 96 N.J. Eq. 441. A single award is made for legal services no matter how many participate in its ultimate division.Ibid. p. 450. As the complainant herein did not retain counsel, irrespective of his *Page 350 
firm, who rendered services reasonably necessary for him; therefore, the firm of lawyers who filed the bill, of which he is one, are not entitled to a counsel fee against the defendant. Any award to the firm would be an award to the complainant as well as to the other solicitor who is one of the partners, and as no solicitor who appears for himself can have a counsel fee against the adversary party, the firm must fall with the individual partner.
Following the decision reached by Chancellor Runyon inFlaacke v. Jersey City, supra, in this court, I am constrained to hold that plaintiffs are not entitled to an allowance of a counsel fee to be taxed against the defendant in this case.