The solicitors of the complainant have presented a final decree in the above suit, which is the uncontested foreclosure of a mortgage, and have asked for an allowance by way of counsel fee to themselves to be included in the taxed bill of costs and collected with the other items of that bill. Rule 147 of this court provides the percentage to be allowed in uncontested foreclosure cases pursuant to the Chancery act, and makes provision that where the decree shall be in excess of $25,000 the allowance shall be such as the court shall determine, according to the actual services rendered, not exceeding two per cent. of the total sum decreed to be paid, as stated in the printed rule; but the allowance in fact is not to exceed one per cent., as such is now the rule.
The bill is signed by Messrs. Henn Burr as solicitors for complainant, and by Mr. Frederick C. Henn, one of the partners, as of counsel. One of the firm, Mr. Burr, is the complainant. The bill does not disclose the trusteeship further than by simply stating that the complainant is "trustee." By the affidavit made by Mr. Henn, annexed to the master's report, it is disclosed that the principal of the mortgage was to be used to pay for labor and materials in construction of the building erected upon the lands of defendant-mortgagor *Page 43 
therein mentioned. What I said in the opinion in Henn v.Heath, Inc., 101 N.J. Eq. 347, applies to this case unless it comes within the exception stated in Ordinary v. Connolly,75 N.J. Eq. 521, wherein I held that the general rule is that an attorney who acts for himself is not entitled to a counsel fee against his adversary, and that includes a partnership — a single entity — where one of the firm is a party, and that an executor, administrator, guardian or trustee who is an attorney cannot recover for professional services rendered the estate; but that the rule does not apply when such costs are not payable out of the trust funds, and when their payment will not diminish the estate. When the rule applies it has equal force in case one partner is suing as trustee instead of as an individual.
In Ordinary v. Connolly there was a recovery upon an administrator's bond, and there was ample to pay for his default, including counsel fees, and they were awarded. The bond was one for indemnity, and counsel fees were held to be an expense which the indemnity included.
Not so here, the mortgage was made by Joseph Contenti and wife for $150,000 to secure to a trustee the sum necessary for building on the lands in the mortgage, and bill, described. The decree for the complainant is the sum of $159,635.60, with interest and costs. The allowance in this case could be as high as $1,596.36, a fee of one per cent. of the total sum, but probably would not be so much as that. Say $1,000 were allowed, then if the property brought less than the total sum awarded, principal, interest and costs, the complainant would have to pay the counsel fee, by payment to his solicitor out of the avails of the sale which would come to him, or otherwise; but if it brought the whole amount of the decree, plus the costs (including counsel fee), then the defendant would have to pay it out of the property, or otherwise; in which latter event, of course, it would not diminish the trust estate. I say nothing of the defendant's ultimate liability to pay; it is unnecessary — it is rarely enforced or enforceable.
In this situation, the question is, Shall a counsel fee be included? If the mortgage ran to Mr. Burr as an individual *Page 44 
the fee would not be allowed, as stated; but, as he acted as trustee, it is allowable if it does not impair the fund. The fact that it may impair the fund I think defeats it in the first instance.
The rule against perpetuities is that it is the possibility that the period covered by a life or lives in being and twenty-one years afterwards may be exceeded, and not the certainty or even the probability that it will be in a given trust, which calls for the application of the rule which avoids the trust. Graves v. Graves, 94 N.J. Eq. 268. By parity of reasoning, I think that the possibility, if not the probability, that this property will produce at the sheriff's sale much less than the amount of the mortgage, and that therefore a counsel fee may tend to diminish the estate in the hands of the trustee, precludes its allowance at this time; for, I think, too, if the property brings more than enough to pay the complainant's decree, the solicitors may then apply for the allowance of a counsel fee out of the surplus. I know that the decree provides for a payment to the defendant Curran of the sum of $24,693.73, together with interest and costs; but if anything is brought at the sale over and above the complainant's entire claim, the defendants' claim will have to abate pro tanto in order that the property may pay the counsel fee in whole or in part, accordingly as the surplus will be sufficient to answer therefor. The decree does not direct, as it should, that the complainant's claim should be firstly paid and the defendants secondly, but that is the recommendation in the master's report, and the complainant's claim stands first in order of payment in the decree, and it is the evident intention of the decree that the complainant's mortgage shall be firstly paid and then the defendants.
Application at present denied, with leave to apply for counsel fee on notice to defendants, if surplus money be raised by sale over and above complainant's claim, as now fixed by the decree. *Page 45