The complainants have secured a decree in this cause on a suit to foreclose, which included an allowance of counsel fee. The motion is made on the strength of the chancellor's very recent decision in Henn v. Heath, 101 N.J. Eq. 347. There, the bill was taken as confessed, and the complainant, a member of the bar, applied for a counsel fee to be included in the taxed bill of costs. Following Flaacke v. Jersey City, 33 N.J. Eq. 57, the chancellor refused to make any such *Page 72 
allowance, upon the ground that a complainant who is a member of the bar is not entitled, either to the retaining fee or a counsel fee. That was in an uncontested case.
In the case at bar, the mortgage was held by both complainants as co-assignees of the mortgage, and they are both solicitors of this court but not partners. Mr. Freund, however, took no part in the conduct of the suit and could not properly have done so because he was sworn by the complainants as a necessary witness. The defense was that he had, by word of mouth, waived the requirement of the mortgage for the payment of taxes. I did not have the slightest hesitation in declaring at the close of the hearing that I did not believe the defendant Weisman, who will be called the defendant as if there was not another. Not only is Mr. Freund a member of the bar with a good reputation, but the comparison made by observing his manner of giving his testimony and that in which the defendant (who swore no other witness) testified was most unfavorable to the latter. The defendant presented all the characteristics of the dishonest witness. His manner had that intangible air of confusion that is so strikingly different from the natural timidity of the usual lay witness, created by his unusual appearance in public. He was evasive on cross-examination and argumentative in his own behalf. He utterly failed in a defense that ought to be proved by clear and convincing evidence if he is to prevail.
Since the making of the decree there has been brought to my attention the decision in Henn v. Heath, supra. There is this distinction to be observed: In the case cited, the complainant and his firm, which was almost his alter ego, were exclusively acting in the complainant's behalf; while in the case subjudice Mr. Craven, the other complainant, was acting not only for his own interest but that of Mr. Freund. Mr. Craven has said in open court that he will insist upon compensation and that if it does not come from the defendant, Mr. Freund will have to pay him for the value of his services to Mr. Freund. For this reason, and the further reason that it is a typical case to compel the defendant to pay costs and *Page 73 
counsel fee, and because of the fact that it has been desperately fought, having gone to the court of errors and appeals on the decision of an interlocutory motion, whereas the Henn Case was uncontested, the award of counsel fee here should not be disturbed.
Although the complainants bitterly attack the practice to which the defendant has resorted to effect a change in the decree, it is unnecessary for me to pass upon that, because of the decision reached on the meritorious side of the motion.