CHARLES A. RATHKOPF and Another, Copartners Practicing Law under the Firm Name and Style of RATHKOPF & RATHKOPF, Respondents, *v.* FATHALLA COUSSA and Another, Appellants.

First Department, July 1, 1931.

*Anthony J. Ernest,* for the appellants.

*Charles A. Rathkopf,* respondent in person [*Rathkopf & Rathkopf,* attorneys], for the respondents.

McAVOY, J. The plaintiffs are attorneys and counselors at law and brought an action against the defendants to recover for professional services rendered. The amount sued for was $500. The complaint and the answer were verified. The defendants demanded a jury trial.

The plaintiffs appeared on their own behalf, signing the pleadings in their own name, as attorneys for themselves, as follows: " Attorneys for plaintiffs in person," " Rathkopf & Rathkopf, Attorneys for Plaintiffs, appearing in person."

The plaintiffs contend: (1) That they appeared in person, even though they subscribed themselves as " Attorneys for Plaintiffs in person " and /or " Attorneys for Plaintiffs, appearing in person;" (2) that the Rules of the Municipal Court for the trial of jury cases is to be taken in connection with section 95 of the Municipal Court Act, and that the plaintiffs, having appeared in person, are entitled to a preference under such rules and section; (3) that they were entitled to a speedy trial.

Section 95 of the Municipal Court Code reads: " 95. How cause brought on for trial; notice of trial. Upon joinder of issue the clerk shall place the case upon a general calendar. Where either party appears in person, the clerk shall fix a date for trial not less than five nor more than eight days after joinder of issue, and shall immediately notify the parties by mail of such date. Unless otherwise provided by the rules, where both parties appear by attorney either party may serve a notice on the other fixing a date for trial not less than five nor more than eight days after the service of such notice, and shall file such notice, with proof of service thereof, with the clerk, who shall thereupon place the case on the calendar for trial. When a jury trial is demanded and no day is fixed for the attendance of a jury within the time limited as above provided, the clerk shall set the case down for trial at the earliest practicable date on which a jury will be in attendance, and shall notify the parties or their attorneys by mail of such date."

Plaintiffs' attorneys served a notice of trial, but their notice was returnable at the Municipal Court, Eighth District, for January 6, 1931. The case did not come on for trial either at the place or at the time for which it was noticed, but came on in the Central Jury Part in Thirty-fifth street, New York city.

We think that this case is not within the meaning and intention of the statute (Mun. Ct. Code, § 95) as a case where either party appears "in person," i. e., "in person" and not "by attorney." The intent of the statutory provision is to leave cases where both parties " appear by attorney " to the control of such attorneys. In this case the plaintiffs' attorneys put that construction upon the said provisions by serving their own notice of trial and not claiming a preference as parties appearing " in person." The motion to strike the cause from the preferred calendar should, therefore, have been granted.

The determination should be reversed, with ten dollars costs and disbursements in this court and in the Appellate Term, the motion granted, and the case placed upon the Commercial Calendar according to the date of its issue.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Determination appealed from and order of the Municipal Court reversed, with ten dollars costs and disbursements to the appellants in this court and in the Appellate Term, the motion granted and the case placed upon the Commercial Calendar according to the date of its issue.