BENJAMIN BARONDESS, Plaintiff, v. JAMES V. MCNULTY, Defendant.

Municipal Court of New York, Borough of Manhattan. Third District, February 2, 1932.

*Benjamin Barondess*, plaintiff, in person.

*Isidor G. Popik*, for the defendant.

RAIMO, J. This is a motion for an order directing the clerk of the central jury to place the above-entitled action on the calendar of Part VIII for trial as provided by section 95 of the Municipal Court Code, upon the ground that the plaintiff appears in person.

This action is brought to recover the sum of $1,000 for professional services rendered by the plaintiff, an attorney. The action was commenced by the issuance of a summons by the clerk of the Third District Municipal Court. After the service of the summons the defendant appeared by an attorney and filed an answer together with a demand for a jury trial; and all the papers were thereafter

forwarded to the central jury and given calendar No. C-29977. The clerk of the central jury, after a demand, refused to set a date for trial pursuant to section 95 of the Municipal Court Code, his refusal being based on the case of *Rathkopf* v. *Coussa* (233 App. Div. 86), which case has caused quite some confusion with reference to the calendar practice in this court. In that case the Appellate Division stated: " In this case the plaintiff's attorneys put that construction upon the said provisions by serving their own notice of trial and not claiming a preference as parties appearing ' in person.' The motion to strike the cause from the preferred calendar should, therefore, have been granted."

In the above-cited case the plaintiffs, who were members of the bar, issued their own summons and served a notice of trial, which distinguishes it from the case at bar.

Section 95 of the Municipal Court Code reads as follows:

" § 95. How cause brought on for trial; notice of trial. Upon joinder of issue the clerk shall place the case upon a general calendar. Where either party appears in person, the clerk shall fix a date for trial not less than five nor more than eight days after joinder of issue, and shall immediately notify the parties by mail of such date. Unless otherwise provided by the rules, where both parties appear by attorney either party may serve a notice on the other fixing a date for trial not less than five nor more than eight days after the service of such notice, and shall file such notice, with proof of service thereof, with the clerk, who shall thereupon place the case on the calendar for trial. When a jury trial is demanded and no day is fixed for the attendance of a jury within the time limited as above provided, the clerk shall set the case down for trial at the earliest practicable date on which a jury will be in attendance, and shall notify the parties or their attorneys by mail of such date."

The plaintiff in the case at bar having complied with section 95 of the Municipal Court Code, and the summons issued by the clerk bearing no indorsement which showed that the plaintiff appeared as an attorney, I feel that the plaintiff, although a member of the bar, not having chosen to sue in his capacity as an attorney but as a private citizen, is entitled to all the protection and advantages of the ordinary every-day layman who chooses to appear in person.

The clerk of the central jury is, therefore, directed to place the above cause on the calendar of central jury, Part VIII, for February 10, 1932.