## WILLARD and others *vs.* HARBECK and another.

Where a hearing before referees falls through, on account of the non-attendance of one of the referees, the party who succeeds is entitled to tax an attorney's fee and a counsel fee, for attending prepared for trial ; and also subpœnas, tickets and the fee for serving them, and witness' fees.

An attorney who prosecutes or defends his own suit in person, may tax attorney's fees as in other cases, except a retaining fee, which is not taxable.

MOTION by defendants for re-taxation of costs. The plaintiffs recovered on a hearing before referees. The first meeting of the referees was held pursuant to notice, October 14, 1844, when the referees were sworn, and adjourned to the 5th of December; on which day the hearing fell through in consequence of the absence of one of the referees. The plaintiffs again noticed for hearing on the 24th January, 1845, when the hearing again failed for the same cause. The same thing happened again on the 20th of June. The cause was noticed again for the 22d of December, when the hearing commenced, and after having been continued on several days, and after several adjournments, the referees made their report in April, 1846. The plaintiffs charged an attorney and counsel fee amounting to $6 for each time that they attended in pursuance of a new notice of hearing, although the hearing fell through. They also charged subpœnas, tickets and serving for each of those occasions, on proof that the services were rendered. Witnesses' fees were also charged, on proof that they were subpœnaed and attended at those times.

*J. Pierson*, for the defendants.

*J. D. Willard*, for the plaintiffs.

Bradley *v.* Burwell.

*By the Court,* BRONSON, Ch. J. The appointed hearing fell through several times without any fault on the part of the plaintiffs, and we see no reason why they should not be allowed the costs of preparing and attending on those occasions. They would have had costs if a circuit had failed, and there is no difference in principle between the two cases.

It is objected that as the plaintiffs are attorneys they cannot have a fee for attendance. An attorney cannot charge a retaining fee in his own suit, because he is not retained; but attending a circuit or hearing before referees is like any other service rendered, such as drawing papers, which an attorney may charge in his own suit. As respects these objections the motion for a re-taxation must be denied.

Ordered accordingly.