STATE, MARY A. DRAKE, PROSECUTRIX, v. GARRET BERRY.

1. Where an attorney of this court is a party to an action, and obtains a judgment in his favor, he is entitled to the same taxable costs as if he had conducted the action as attorney for some other person.

2. It is a proper case for *certiorari* to a justice of the peace, where the question is fairly raised, whether the justice had authority to render any judgment between the parties.

3. Where there is a set-off filed, a discontinuance without consent of defendant, and an order for hearing subsequent to the time to which an adjournment was made, on the request of the defendant, no judgment can be given against either, and an appeal or *certiorari*, may be brought to review the judgment.

Drake v. Berry.

4. An omission in the summons to describe the justice of the peace as of the county for which he is elected, is cured by appearance and proceeding without objection. It is also amendable under Section 112 of the small cause act.

5. Where there has been a mistrial of the cause below, this court may, under Section 103 of the small cause act, order a rehearing before the justice.

On *certiorari* to a justice of the peace of Union county, to reverse a judgment given for the defendant on set-off.

Argued at November Term, 1879, before Justices DEPUE, SCUDDER, and KNAPP.

For the prosecutrix, *Franklin M. Olds.*

For the defendant, *Garret Berry.*

The opinion of the court was delivered by

SCUDDER, J. The writ of *certiorari*, in this case, was dismissed February Term, 1879, for want of prosecution. At June Term following, it was reinstated, on the terms that the plaintiff in *certiorari* pay the defendant's taxable costs of dismissal, and on the motion to reinstate.

The first motion made at the hearing is to dismiss the writ, because these costs have not been paid, although legally taxed, served, and demanded. The plaintiff offered to pay the taxed costs, excepting those for attorney's fees, which the defendant refused to accept.

This presents the question whether an attorney of this court, acting for himself, is entitled to the usual attorney's fees, given as part of the taxable costs in the case. Of this, there can be no question made. Where an attorney is a party to an action, and obtains a judgment in his favor, he is entitled to the same costs as if he had conducted the action as attorney for some other person, and not merely to the costs which another person suing or defending in person would be entitled to. 1 *Ch. Arch. Pr.* 80; *Jervis* v. *Dewes,* 4 *Dowl.* 764; *Parsloe* v. *Foy,* 2 *Dowl.* 181; *Lever* v. *Whalley,* 2 *Dowl.* 80.

Such has always been the practice in our courts, without any express decision on the subject. The judgment of the court in any matter, or upon any motion, where costs are recoverable, will entitle the attorney to costs, as if he were acting for others, and representing their interests in the cause.

The second reason assigned for dismissal, that there has been delay in prosecution, is not sustained by the proof. It has been satisfactorily explained by the several rules which have been applied for and granted by the court for further and more particular certificates of facts by the justice. There has been but a delay of one term caused by such rules, and the prosecutor is not in laches.

Another ground assigned for dismissing the writ, that the case was proper for an appeal, and not for a writ of *certiorari,* under Section 95 (*Rev., p.* 556,) of the small cause act, is answered by the principal reason assigned for the reversal of this judgment, that the justice had not jurisdiction to render the judgment, because that, after the suit had been discontinued, before the time to which the case had been adjourned, and the defendant had assented thereto, by leaving the court without adjournment, or appointment of another day for hearing, the case was again taken up, on an order made requiring the plaintiff to proceed with her cause at a subsequent day, and decided in the absence of the plaintiff.

This brings it within the test rule established in *Ritter* v. *Kunkle,* 10 *Vroom* 259, whether, under the existing circumstances, the justice had authority to render any judgment between the parties. If they were both out of court, as is claimed, he could not give judgment against either. I think the case is one where the plaintiff might appeal, or bring a writ of *certiorari,* to try the question of the jurisdiction of the justice, and review his judgment.

The omission, in the summons, to describe the justice of the peace who tried the cause, as of the county of Union, is not material at this time, for the reason that, on the return of the summons, both parties appeared, a state of demand was filed by the plaintiff, and a plea of set-off by the defendant,

Drake v. Berry.

without any objection being made to the form of the process. If the omission had been shown to the justice, it could have been amended under Section 112 of the small cause act; and it is now too late to object, after the waiver by the act of the parties, in their pleadings and silence.

The proceedings in this case have been irregular from the beginning. It was adjourned on the return day to a subsequent day, at nine and a half o'clock in the forenoon. At nine o'clock the plaintiff appeared and moved to discontinue the cause, and the motion was granted, though Section 36 of the small cause act says that if the defendent have filed an offset, the plaintiff shall not be permitted to withdraw his suit, nor shall any judgment of nonsuit or discontinuance be entered without the consent of the defendant.

Subsequently, whether on the same day or two days after is disputed, an order was made for the plaintiff to proceed with her cause on a day fixed. On that day, another attorney, at the request of one employed by her to attend to the suit, appeared for the plaintiff, and asked for a postponement of the hearing, as she alleges, without her authority, knowledge or consent, as she had brought another action for the same cause before another court, which was then pending. The state of demand was taken from the files by the consent of the justice, whether for the purpose of making a copy, and to be returned, or for filing in another court, is questioned. At the day finally appointed for a hearing, the plaintiff only appeared to object to the jurisdiction of the justice, and left. With no state of demand and no proof of the plaintiff's claim, and in her absence, the defendant moved the cause, proved his claim, and obtained judgment for $70, debt and costs.

This judgment has been brought here on *certiorari*.

It is manifest that the justice and both parties have been in fault in these proceedings, and, for this reason, there has been a mistrial of this cause. Both parties have a right to a *forum*, if the court can now give it to them. I think this may be done, under the provisions of Section 103 of the

small cause act, which enacts that if, in any cause or proceeding removed by *certiorari*, it shall appear equitable and just that a rehearing thereof be had before a justice, the Supreme Court or Circuit Court may order that such rehearing be had, upon such terms and conditions as are reasonable, and the justice shall thereupon proceed to rehear such cause or proceeding, and give judgment as in other cases.

Upon due notice, the parties may again appear before the same justice; the lost demand may be supplied by a copy; the amended set-off may be perfected, and a hearing of both parties be had.

But this order will be made on the condition that the plaintiff pay the costs already taxed and the further costs in this court. On failure to pay the same before the rising of the court, the *certiorari* will be dismissed, with costs.