SALLIE E. Z. GIRTMAN AND JOHN W. D. GIRTMAN, HER HUSBAND, *Appellants,* v. LINCOLN G. STARBUCK, *Appellee.*

1. Under sections 1490-1497, Rev. Stats. of 1892, a court of equity has authority to entertain a bill for partition filed by one who claims an undivided interest in the land sought to be partitioned under a conveyance from the defendants, even though the defendants are in exclusive possession claiming that the deed to complainant is merely a contract to convey and not a conveyance; and also authority to adjudicate the rights and interests of the respective parties therein even though the complainant has never had possession of any part of the land.

2. Section 1497, Rev. Stats. of 1892, which provides that "every party in interest, whether complainant or respondent, shall by decree of the court, be bound to pay a share of the costs and charges, including attorneys' fees of complainant's solicitor, arising from the suit for the partition or sale of the land, in proportion to his interest," does not authorize the allowance of attorneys' fees to a complainant, who, though an attorney at law, conducts the proceedings in person, and is not represented by an attorney.

This case was decided by Division B.

Appeal from the Circuit Court for Orange county.

*Thos. Emmet Wilson* for appellants.

*L. G. Starbuck in pro per.*

PER CURIAM.—This appeal is from a decree for complainant rendered in a suit in equity for partition brought by appellee against appellants, in the Circuit Court of Orange county.

It appears from the record that complainant derived his alleged title by a conveyance from defendants which they claimed was not a deed conveying a present interest, but merely a covenant to convey, upon the grantee's performance of certain conditions. If the instrument is a conveyance and not a mere covenant to convey, then it invests complainant with an undivided one-half interest in the property. Complainant had never been in actual possession of the property. Defendants had continuously held possession, claiming title, and denying that complainant had any interest in the land, ever since the conveyance was executed, but their possession had not existed for a sufficient length of time to bar complainant's rights under the statute of limitations. The court found for complainant, decreed that he and the defendant, Sallie E. Z. Girtman, each owned undivided moieties of the land, appointed commissioners to partition same, and allowed the complainant an attorney's fee of $50, charging one-half thereof as a lien upon the interest of Sallie E. Z. Girtman in the land to be partitioned. From this decree the defendants appeal.

The court is of opinion that the decree is justified by the evidence, and that the court correctly construed the instrument under which complainant claimed title. It is

also satisfied the court of equity had authority to adjudicate the rights and interests of the parties, although the defendants were in exclusive possession and denied the complainant's title in the manner stated, and that it did not err in refusing to remit complainant to an action at law before decreeing partition. *Camp Phosphate Company v. Anderson* decided at the present term. But the court did err in allowing complainant an attorney fee. The statute, section 1497, Rev. Stats. of 1892, provides that "every party in interest, whether complainant or respondent, shall by decree of the court, be bound to pay a share of the costs and charges, including attorney's fees of complainant's solicitor, arising from the suit for the partition or sale of the land, in proportion to his interest." In this case the complainant, who was himself an attorney at law, conducted the proceedings in person and was not represented by an attorney.

In *Cheney v. Ricks*, 168 Ill. 533, 48 N. E. Rep. 75, it was held that a complainant in partition who acts as attorney for himself and the other complainant in conducting the case, is not entitled to have his fee for services taxed as costs and apportioned ratably among all the parties to the suit, though the statute provided that "the court shall apportion the costs including the reasonable solicitor's fee among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof." Our statute should receive a similar construction.

There is no other error in the record and we will eliminate the one found by striking out the allowance of the attorney fee, and as thus modified, the decree will be affirmed. The appellee will pay the cost of this appeal.

CARTER, P. J., and SHACKLEFORD and WHITFIELD, JJ., concur.

TAYLOR, C. J., and HOCKER and COCKRELL, JJ., concur in the opinion.