FREDERICK C. HENN

*v.*

CLIFFORD J. HEATH, INCORPORATED, et al.

[Decided May 14th, 1928.]

The matter of the allowance of a counsel fee in a chancery suit is one resting in the discretion of the chancellor and the promulgation of rule 147 of the court of chancery does not make such an allowance mandatory upon the chancellor when such judicial action would be opposed to equity and good conscience.

On appeal from a decree in the court of chancery advised by Chancellor Walker.

*Messrs. Henn & Burr,* for the appellant.

PER CURIAM.

The appeal in this case is from the refusal of the chancellor to allow a counsel fee to the complainant's solicitors in an uncontested foreclosure suit. The complainant, Henn, the present appellant, is a member of the firm of Henn & Burr, who prosecuted the suit, and the allowance of a counsel fee was asked to be made to the members of that firm.

The matter of the allowance of a counsel fee in a chancery suit is one resting in the discretion of the chancellor. He may make such allowance in any case in which he shall deem it proper to do so; but when he justly concludes that it would be unfair and inequitable to allow a counsel fee in a given case, his refusal to make such allowance is a proper and wise exercise of his discretion.

It is argued that by the promulgation of standing rule 147 of the court of chancery, the chancellor has stripped himself of this discretionary power. Assuming that the chancellor is compelled to observe the rules promulgated by him without regard to the question whether their enforcement in a given

case would be unjust and inequitable—a proposition which, in our opinion, is unsound—the rule referred to has no such scope as is claimed for it.  It merely fixes the percentage to be allowed to complainant's solicitor as a counsel fee in an uncontested foreclosure suit (the percentage being based upon the amount decreed to be paid by the defendant) when the decree awards a counsel fee.  It contains no suggestion that the court *must* make such an allowance when such judicial action would be opposed to equity and good conscience.

For the reason indicated, we conclude that the part of the decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.  15.

*For reversal*—None.