ROBBINS S. RUTHERFORD, Plaintiff, *v.* ANTHONY SEMENZA, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, January 12, 1932.

*Robbins S. Rutherford,* for the plaintiff.

*Harold S. Kohn,* for the defendant.

LEWIS, DAVID C., J. The plaintiff is an attorney at law. He instituted an action against the defendant, in which he appeared as his own attorney. He recovered a judgment of $54.58.

Apparently on the theory that because he was the plaintiff in the action he could not appear as his attorney in the action, the clerk has refused to allow or tax the ten dollars statutory costs provided by section 164 of the Municipal Court Code.

Mindful of the adage suggesting the folly of the client who retains himself for his counsel — why be eager to augment the hazards of such a relationship?

Long ago this query was answered, and I am in accord with the ruling and the reasoning of that learned court.

" In the case of *Crommeline* v. *Dinsmore*, decided by Judge MCADAM (Daily Reg., October 18th, 1878), to which we are referred, it was held that the prevailing party prosecuting the suit in person, if he is an attorney, can recover costs — a decision that is not in conflict with *Stewart* v. *New York Common Pleas*, [10 Wend. 597] for what was said by the court there was that ' a party not an attorney conducting a suit or defense in person is not entitled to costs.'

" But the present case was in a District Court, and in respect to District Courts there is a special statutory enactment upon the subject. The Act of 1857, reorganizing these courts, provides (Section 70), that ' neither party shall recover extra costs unless he has an attorney actually engaged in the prosecution or defense of the action ' (L. 1857, 725, 726).* The plaintiff, who is an

* Chap. 344, pp. 725, 726.— [REP.

attorney, conducted the action himself. I think, upon a fair construction of the meaning and intent of this Act, that he had an attorney engaged in the prosecution of the action, although the attorney was himself. The Act is not any stronger than the general rule established by the decision of the courts, which is stated as follows by Pulling in his work on Attorneys (p. 364, 3 Lond. Ed.): ' The allowance of costs being by way of indemnity, the expenses claimed must have been actually incurred. A litigant who dispenses with professional services or assistance is under ordinary circumstances only entitled to his costs actually out of pocket, and not generally to remuneration for his own services; but he states as an established exception to this rule, upon the authority of *Ferris* v. *Dewes* (4 Dowl. Pr.), *Parsloe* v. *Foye* (2 Dowl. Pr. 181) and *Leaver* v. *Whalley* (Id. 80), the case of an attorney or solicitor acting in his own behalf. The reason, I apprehend, for this distinction is that the party, being an attorney, gives the professional time, knowledge and experience in the conducting or defense of his suit, which he would otherwise have to pay an attorney for rendering. It can make no difference to the defeated party, who is by law bound to pay the costs of the attorney of the prevailing party, or a fixed equivalent under the Code for it, whether that attorney is the prevailing party himself or another attorney employed by him. The plaintiff, like any other professional man, is paid for his time and services, and if he renders them in the management and trial of his own cause it may amount to as much pecuniary loss or damage to him as if he paid another attorney for doing it.

" I think, therefore, that the Justice was right in holding that, being an attorney, he was entitled to the costs given to him, and that the judgment as rendered by the Justice, for the damages given, and costs, should be affirmed." (*Kopper* v. *Willis*, 9 Daly, 460.)

Recently the Appellate Division took an analogous view in construing section 95 of the Municipal Court Code in *Rathkopf* v. *Coussa* (233 App. Div. 86).

Motion granted. Clerk directed to tax the costs.