160 So.2d 312 (1964)
Fred P. WESTENBERGER
v.
Mary Louise BERNARD, Wife of/and Clarence BERNARD.
No. 1299.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1964.
*313 Edward F. Wegmann and Fred P. Westenberger, New Orleans, for plaintiff and appellee.
Clarence Bernard, in pro. per., for defendants and appellants.
Before McBRIDE, REGAN and YARRUT, JJ.
McBRIDE, Judge.
Plaintiff, a member of the bar, filed suit in proper person against the defendants, husband and wife, for an attorney's fee of $1,000, plus certain costs, due for and arising out of his representation of the wife in a suit for separation from bed and board brought against her husband. The parties reconciled; and this suit against both ensued. Subsequently, plaintiff caused the Civil Sheriff to serve upon the wife a notice reading thus:
Fred P. Westenberger vs. Marie Louise Bernard No. 410-784, Civil District Court, Parish of Orleans.
"You are commanded to appear before Fred P. Westenberger, Notary Public, at 1047 National Bank of Commerce Bldg. New Orleans, La., on the 17th day of May 1963 at 2:00 o'clock P.M., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under the penalty of the law." (Italics ours.)
No notice was given to the husband.
The wife failed to appear at the designated time and place; thereupon plaintiff instituted a rule against both defendants for contempt and for a judgment for an attorney's fee in the sum of $75. The trial judge dismissed the rule insofar as the charge of contempt is concerned but rendered judgment in favor of plaintiff and against the wife for $75 "for attorney's fees." Both defendants have appealed.
The notice to appear to testify, we suppose, was given under LSA-C.C.P. art. 1451 (under the heading "Depositions and Discovery") which provides in part:
"A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, * * *."
Assuming, but not deciding, that a witness who fails to put in an appearance pursuant to notice given under LSA-C.C.P. art. 1451 is liable for the attorney's fee of the party who caused the notice to be issued, nevertheless plaintiff cannot recover therefor, firstly, because he did not comply with the terms of LSA-C.C.P. art. 1451 by giving the husband, who is a party to the suit, written notice of the taking of the deposition; secondly, because the wife was directed to appear before plaintiff as notary public despite the fact LSA-C.C.P. art. 1423 provides that a deposition shall be taken before an officer authorized to administer oaths who is not an employee or attorney of any of the parties or otherwise interested in the outcome of the case; and, *314 thirdly, because plaintiff cannot recover an attorney's fee for representing himself. When an attorney brings a suit in his own name, he cannot recover counsel's fees. Ealer v. McAllister & Co., 19 La.Ann. 21.
The judgment appealed from is reversed insofar as it awards plaintiff-appellee attorney's fees and the demand therefor is dismissed; in all other respects the judgment is affirmed; plaintiff-appellee is cast for costs in both courts.
Reversed in part; affirmed in part.