## WELLS v. WHINERY

1. BOUNDARIES — ENCROACHMENT — INNOCENT ENCROACHMENT — REMEDY.

Defendants, although they had built their cottage on land platted as a "park" area, an area in its natural condition and open to the public, and south of defendants' true boundaries, were not required to remove their cottage or to return their land north of their cottage, which defendants had graveled as a parking lot, to its natural condition where defendants had occupied the "park" area for over 70 years, they sought no permanent rights in the "park" area, their occupancy was an innocent mistake, plaintiff, the cottage owner to the north of defendants' cottage, was not harmed by defendants' error, and the defendants would not have had parking space without the encroachment; a sufficient remedy is an order allowing defendants to remain where they are for the life of their present structure without renewal.

2. ZONING—OPEN SPACE—PARKING AREA—CONSTRUCTION OF ORDINANCE.

Township's zoning ordinance provision that "a space open to the sky and unoccupied or unobstructed" be left on the rear of residential property means that no structure or building can be built; the use of the rear area as a parking area for the residents' automobiles does not violate the ordinance because such a use is consistent with the ordinary residential use of a residential lot.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 April 2, 1971, at Grand Rapids. (Docket No. 9518.) Decided June 25, 1971. Leave to appeal denied, 386 Mich 758.

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Adjoining Landowners § 128 et seq.
[2] 58 Am Jur, Zoning § 52.

Complaint by Edward D. Wells against George and Katherine Whinery for trespass and other encroachments upon his property interests and rights. Judgment for defendants. Plaintiff appeals. Affirmed in part and reversed in part.

*Edward D. Wells, in propria persona.*

*Scholten & Fant,* for defendants.

Before: HOLBROOK, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. The instant case arises from a dispute between neighbors, both of whom own land and cottages in a resort area in Park Township, Ottawa County, Michigan. Plaintiff brought suit alleging that defendants were trespassing and otherwise encroaching upon plaintiff's property interests and rights.

The facts, as adduced in the nonjury proceeding below, reveal that plaintiff and defendants both own land with cottages built thereon. Both cottages face south toward Lake Macatawa. Plaintiff's cottage, which is situated at an elevated level, is located north of defendants' property. Between plaintiff's land and defendants' land is an open area, which according to the plat is dedicated in part as a street and in part as a "park". No street has ever been developed and the entire area is in its natural condition and open to the public. Defendants' cottage is situated between plaintiff's land and Lake Macatawa. Immediately south of defendants' property line, with the exception of the encroachment which

_____
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

will be mentioned shortly, is another "park" area. This park is in its natural state, freely accessible to the residents of the area and extends southward to Lake Macatawa.

Defendants' cottage, which was inherited from defendants' grandmother, was built over 70 years ago. Although all interested parties, and apparently all predecessors, had assumed that defendants' cottage was built on defendants' property, the facts disclose that the southern two-thirds of defendants' cottage is built on land platted as a "park". Thus, only one-third of defendants' cottage as presently situated is located on defendants' land.[1] The land directly behind defendants' cottage and to the north has been leveled and gravel placed thereon for the purpose of providing parking area for visitors' automobiles as well as defendants' own automobiles. Herein lies the problem.

Plaintiff alleged below, as well as in this appeal, that defendants should be required to either move their cottage back on their designated lot, or, alternatively, be required to compensate in equal area to the north of their cottage. That is, defendants should be required to return an equal portion of their parking area to the north, which admittedly is located on their lot, to its natural state so as to compensate for the infringement of their cottage on the "park" area to the south. Plaintiff also alleges that the parking area maintained to the north of defendants' cottage violates the township ordinance.

After hearing the evidence, the trial court ruled as follows with respect to the issues raised on appeal:

---

[1] It is not claimed by either party that an issue of adverse possession exists with respect to the instant case.

"The court's judicial conscience does not dictate that defendants be required to move from the 'park' area. They and their predecessors have occupied a portion of the 'park' area for more than 70 years. They seek no permanent rights in the 'park' area. Their occupancy has been the result of an innocent mistake and affects plaintiff only to the extent that they now have sufficient room to park their cars on the rear of lot 33 and if their home was properly located they would be denied such room. Defendants should be allowed to remain where they are for the life of the structure they now occupy without renewal thereof.   *   *   *

"The court is also of the opinion that defendants need not forfeit any rights to any portion of lot 33 by reason of their presence on a 'park' area. No authority has been cited for this claim and equity does not require it."

On motion for rehearing, the trial judge ruled as follows with respect to the alleged ordinance violation:

"Since plaintiff's summer home is on an elevated lot his view of the lake to the south is not impaired by the parked cars. But plaintiff complains that the use of this rear area by defendants is a violation of Art V, § 4 (c) of the township zoning ordinance in that such use does not leave 'a space open to the sky and unoccupied or unobstructed'.

"It is the opinion of the court that the above restriction means that the rear yard shall be free from any structure or building. It seems reasonable to believe that the zoning ordinance in question contemplated ordinary usage of yard areas for gardens, play areas, and driveway and parking. This usage is consistent with the ordinary residential use of a residential lot.

"Accordingly the court is of the opinion that defendants are not in violation of the Park Township zoning ordinance and not in violation of plaintiff's

rights when they have complied with the previous opinion filed herein."

The trial court denied the assessment of attorney fees in favor of plaintiff based upon MCLA § 600-.2522 (Stat Ann 1962 Rev § 27A.2522) which reads as follows:

"No fee shall be taxed for services as having been rendered by any attorney, clerk, sheriff, or other officer, in the progress of a cause, unless such service was actually rendered, except when otherwise expressly provided."

Plaintiff maintains that he was entitled to attorney fees in the trial court as well as other costs ordered, notwithstanding the stated statute.

It is true that the attorney represented himself as plaintiff. He also stated that other members of his law firm aided in preparing pleadings and researching the questions involved.

We have been unable to find where this issue has been ruled upon by either of the appellate courts of our state. However, we conclude that the legal services were rendered by the attorney even though they were rendered for himself as a party to the action. We choose to follow the rule enunciated in the case of *Rutherford* v. *Semenza* (1932), 142 Misc 531 (254 NY Supp 876), that the attorney representing himself was entitled to attorney fees as a part of his costs.

Affirmed in part and reversed in part. No costs, neither party prevailing fully.