Joseph P. WEAVER, Appellee,

v.

Viola LAUB, Individually and as Executrix of the Last Will and Testament and Estate of Ella Clovis, Deceased, A. Francis Porta, James C. Bass, Appellees,

and

Leo Clovis, Paul Clovis, Jr., Charles Clovis, Margine Clovis a/k/a Margine DuBois, Kenneth R. King, Floello Sisk, Carl Lynn King, W. R. King, Cecil King, Dorothy Louise Baker, Lula Mae Adams, Mary Jane Grimes, and Nancy Carol Lock, Appellants.

No. 48446.

Supreme Court of Oklahoma.

Dec. 13, 1977.

Rehearing Denied Feb. 22, 1978.

Joseph P. Weaver, Porta & Bass, El Reno, for appellees.

John F. Eberle, Oklahoma City, for appellants.

DAVISON, Justice:

In 1969, the law firm of Porta, Weaver and Bass was successful in setting aside an instrument executed by their client, Ms. Ella Clovis. The instrument was purported to be a deed conveying land, located in Canadian County, to her son. As a fee for their legal services, each of the three attorneys received an undivided 1/12th interest in the property recovered.

Sometime thereafter, Attorney Weaver left the firm of Porta, Weaver and Bass, but continued to practice law in El Reno, Oklahoma, where the firm was located. Mr. Porta and Mr. Bass have continued to practice law as a partnership.

In 1971, Ms. Clovis died, while living with her daughter, Viola Laub, and while a resident of the State of Colorado. Ms. Clovis' will was admitted to probate in Colorado in May of 1972, and in July of 1972, an ancillary probate proceeding was commenced in the District Court of Canadian County. In her will, Ms. Clovis gave all of her property, with the exception of one dollar which she bequeathed to Leo Clovis, to her daughter Viola Laub. Ms. Laub was appointed the executrix of the estate, and the firm of Porta and Bass has represented Ms. Laub, both individually and in her capacity as executrix, throughout the probate proceedings. While the probate proceeding was pending in Canadian County, Attorney Weaver filed an action to partition the land in which he, Mr. Bass, Mr. Porta and Ms. Clovis had undivided interests.

In her will, Ms. Clovis failed to provide for several of her grandchildren, who were children of her predeceased son Paul and her predeceased daughter Pearl.

Under Section 20 of Title 84,[1] the laws of Oklahoma govern the validity and interpretation of Ms. Clovis' will as it relates to real property within Oklahoma.

---

1.  84 O.S.1971 § 20 provides: "Except as otherwise provided, the validity and interpretation of wills is governed, when relating to real property within this State, by the law of this State; when relating to personal property, by the law of the testator's domicile."

■ In interpretating Ms. Clovis' will, under the Oklahoma law, we first note that Ms. Clovis' will does not make any provisions for her grandchildren who were issue of her children who predeceased her, and that it did not appear from the four corners of the will that she intentionally omitted these grandchildren. Such being the case, under the provisions of Title 84, 1971, 132,[2] such grandchildren share in Ms. Clovis' estate as if Ms. Clovis had died intestate.

■ Several grandchildren of Ms. Clovis, who were issue of Ms. Clovis' children who predeceased her, engaged the services of Attorney John F. Eberle, to protect their interests in the partition suit and in the probate proceedings. Mr. Eberle filed an objection to jurisdiction in the partition action and an objection to the petition in the partition proceeding, as it did not name his clients or indicate what interests they possessed in the land.[3] After several court appearances and after several amendments to the partition petition, the parties signed a stipulation in which they stipulated that the grandchildren involved were heirs at law of Ms. Clovis, and further stipulated as to what interests in the property each grandchild possessed.

Subsequently, in part, through the alleged efforts of Attorneys Weaver, Porta and Bass, the land being partitioned, which had an appraised value of $40,000.00, was sold at public auction for $65,000.00.

Under the authority of Title 12, 1971 § 1515, the trial court awarded attorney fees to Attorneys Weaver, Porta and Bass, for the services they rendered in the partition action. We note here that Attorney Eberle, made no request for an attorney fee out of the common fund, as he had a contingency fee arrangement with his clients for his representing them in both the partition action and in the probate proceeding. Attorney Weaver, who initiated the partition action, and who testified to having devoted over 150 hours of his time to the action, was awarded an attorney fee of $5,300.00, less than 10% of the value of the property. Attorneys Porta and Bass, who testified that they had spent approximately 50 hours in the partition action representing both the executrix and themselves, were awarded attorney fees of $3,250.00, making the total fee award $8,550.00.

Title 12, 1971 § 1515, which provides for the awarding of attorney fees in a partition action provides:

"The Court making partition shall tax the costs, attorney's fees and expenses which may accrue in the action, and apportion the same among the parties, according to their respective interests, and may award execution therefor, as in other cases."

Appellants, several of the grandchildren involved in the partition action, appeal from the order of the trial court, attacking the award of attorneys' fees on the following grounds:

1. An attorney is not entitled to attorney fees for his services in a partition action where that attorney owns an interest in the real property being partitioned.

2. An attorney is not entitled to attorney fees when he represents a party in a partition suit, which is not an adversary proceeding.

---

**2.** 84 O.S.1971 § 132 provides: "When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

**3.** One of Mr. Eberle's objections to the petition filed by Mr. Weaver was that the petition, in addition to naming all others who had ownership in the property, merely named the administratrix of Ms. Clovis' estate, rather than her heirs at law, as a party. We do not feel that such an objection is well taken, for it is the function of the probate proceeding to determine heirs at law, and not the function of a partition proceeding. The court in the partition proceeding could have merely indicated the interests of all the parties, other than the heirs at law, then indicate what interests in the land, if any, should be included in Ms. Clovis' estate, allowing the probate court to divide that interest appropriately.

3. Attorney Weaver, who initiated the partition action is not entitled to attorney fees because the petition he filed improperly and erroneously set out the parties and their respective interests in the real property being partitioned.

4. Attorneys Porta and Bass, being owners of the real property being partitioned, with interests adverse to the grandchildren of Ms. Clovis, and amicable to the interests of Attorney Weaver, are not entitled to attorney fees.

We will first consider whether attorneys who represent themselves can be awarded attorney fees for such representation. Jurisdictions are split on this issue.[4] Jurisdictions which have denied attorney fees in cases where attorneys represent themselves generally base their holding upon a narrow construction of the statute which provided for an award of attorney fees.[5]

In addition to relying upon statutory construction, a few cases which have denied attorney fees for selfrepresentation, have done so, at least in part, upon policy consideration. These considerations are:

1. It should be against the policy of the law to allow one to become his own client and charge for his professional services.[6]

2. Attorneys representing themselves, realizing that they may be awarded a fee for their efforts, might be tempted to raise questions and protract the suit for the sake of their professional profit only.[7]

3. Although we find no cases discussing the possible champertous nature of a partition action brought by an attorney-owner, we take notice of a particular risk which accompanies the allowing of attorney fees to "landowner-attorneys" who represent themselves in partition actions. That particular risk is this: Attorneys might be tempted to purchase a small undivided interest in a tract of land, for the sole purpose of generating a generous fee for themselves in an action brought to partition the land.

Jurisdictions which allow the awarding of attorney fees to attorneys representing themselves do so based on the following reasons:

1. Attorneys who represent themselves expend the same professional time, knowledge and experience in the conduct

---

**4.** For cases in which attorneys were awarded fees for representing themselves, see e. g., *Winer v. Jonal Corporation,* Mont., 545 P.2d 1094 (1976); *Wells v. Whinery,* 34 Mich.App. 626, 192 N.W.2d 81 (1971); *Rutherford v. Semenza,* 142 Misc. 531, 254 N.Y.S. 876 (1932); *Kopper v. Willitt,* 9 Daly 460 (N.Y.1881); *Drake v. Berry,* 42 N.J.Laws 60 (1880); and *Willard v. Harbeck,* 3 Denio 260 (N.Y.1846).

For cases in which an attorney was not allowed a fee for representing himself, see e. g., *Westenberger v. Bernard,* 160 So.2d 312 (La. App.1964); *O'Connell v. Zimmerman,* 157 Cal. App.2d 330, 321 P.2d 161 (1958); *Vanhooser v. Cunningham,* 24 Tenn.App. 480, 146 S.W.2d 840 (1941); *Henn v. Clifford,* 101 N.J.Eq. 347, 139 A. 406 (1927), affirmed 102 N.J.Eq. 596, 141 A. 769 (1928); *Girtman v. Starbuck,* 48 Fla. 265, 37 So. 731 (1904); and *Cheney v. Ricks,* 168 Ill. 533, 48 N.E. 75 (1897).

For a discussion of cases going both ways, see 5 A. & E. Ann.Cas. 834 (1907).

**5.** E. g., *Cheney v. Ricks,* 168 Ill. 533, 48 N.E. 75 (1897). In *Cheney,* the Illinois Supreme Court interpreted Section 40 of Chapter 106 of the Illinois Revised Statutes, which provided in part:

" * * * 'the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof.' "

In construing the statute, the court held that it was not the intent of the statute to authorize one of the litigants in a partition proceeding to become his own client, or to make the other parties to the proceeding his clients, then charge them for his professional services. Rather the court held that the statute was meant to equitably divide the expenses of a solicitor when it actually became necessary to employ the assistance of a solicitor. Also see *O'Connell v. Zimmerman,* 157 Cal.App.2d 330, 321 P.2d 161 (1958), in which the District Court of Appeals, Third District of California, in construing a statute which allowed for costs "and reasonable attorney fees *incurred* in such action" held that where an attorney represented himself in an action, he could not recover the value of his services, for he paid no fee nor had he *incurred* any liability to pay attorney fees.

**6.** *Cheney v. Ricks,* supra.

**7.** See *Moore v. Jones,* 23 Vt. 739, 17 Fed.Case 9,768, quoted in 5 A. & E. Ann.Cases 834, 835 (1907).

or defense of their suit, as they would have if hired by another party to do so.[8]

2. The services rendered by attorneys when appearing for themselves are presumably as valuable as the same services would have been in the defense or prosecution of another's cause.[9]

3. Attorneys, like other professionals are paid for their time and services and if they render them in the management and trial of their own cause, it may amount to as much pecuniary loss or damage as if they had paid another attorney to represent them.[10]

4. It can make no difference to a party who, by law, is bound to pay costs including attorney's fees, whether the fees are to be paid to an attorney representing himself or another attorney employed by him.[11]

Although there are dangers involved when attorneys are awarded fees for representing themselves, there are also compelling reasons for the awarding of such fees, as enumerated above. Therefore, if the dangers can be minimized, fees should be awarded.

In order to allow attorneys to collect and be awarded fees for representing themselves, and at the same time minimize the dangers inherent in such a practice, we adopt the following safeguards. Before attorneys can be awarded fees for representing themselves, they must prove the following, through clear and convincing evidence:

1. Attorneys must show that all actions taken by them, for which they seek a fee, were performed in good faith.

2. Attorneys must prove that all work performed, for which they seek a fee, was necessary work. In proving necessity, attorneys must present a written itemization of all services performed which must include an indication of the time spent to perform each service and an explanation, of why each itemized service was necessary. The itemization presented for the court's scrutiny, must be specific and attested to under oath.

3. Attorneys must prove the reasonableness of the fees they seek.

4. In the case of a partition action, attorneys must show that all work for which they seek fees was beneficial to

---

8. See e. g., 5 A. & E. Ann.Cas. 834 (1907), which reads in part:

"The rule is, however, different where the party appearing for himself is an attorney or counselor at law. An attorney who appears for himself in a suit to which he is a party is entitled to the same attorney's fees which could be taxed in the cause if he appeared for another. *Flaacke v. Jersey City,* 33 N.J.Eq. 57; *Drake v. Berry,* 42 N.J.L. 60; *Crommelin v. Dinsmore,* (Marine Ct.) 1 N.Y.City Ct. 69; *Willard v. Harbeck,* 3 Den. (N.Y.) 260; *Banks v. Burroughs,* 12 Quebec Super.Ct. 184; *Gugy v. Brown,* L.R. 1 P.C. 411, applying the old French law prevailing in lower Canada. See *Parsloe v. Foy,* 2 Dowl. 181; *Jervis v. Dewes,* 4 Dowl. 764. *Compare Leaver v. Whalley,* 2 Dowl. 80. Although a statute provides that 'neither party shall recover extra costs unless he has an attorney actually engaged in the prosecution or defense of the action,' if the plaintiff in an action, who is an attorney, conducts the action himself, he may recover extra costs. *Kopper v. Willitt,* 9 Daly (N.Y.) 460. In *England* it has been held that a solicitor who acts for himself in an action to which he is a party is entitled to the same costs as he would be entitled to had he employed a solicitor. *In Re Donaldson,* 27 Ch.D. 544, 54 L.J.Ch. 151,

51 L.T.N.S. 622; *London Scottish Ben. Soe v. Chorley,* 13 Q.B.D. 872, 53 L.J.Q.B. 551, 51 L.T.N.S. 100, 32 W.R. 781.

It has been said that the reason for making this distinction between parties who are attorneys and those who are not, is that the party, being an attorney, gives the same professional time, knowledge, and experience in the conducting or defense of his suit, which he would otherwise have to pay an attorney for rendering. It can make no difference to the defeated party, who is by law bound to pay the costs of the attorney of the prevailing party, or a fixed equivalent under a statute for it, whether that attorney is the prevailing party himself or another attorney employed by him. He, like any other professional man, is paid for his time and services, and if he renders them in the management and trial of his own cause it may amount to as much pecuniary loss or damage to him as if he paid another attorney for doing it. *Per* Daly, J., in *Kopper v. Willitt,* 9 Daly (N.Y.) 460."

9. Id. Also see *Winer v. Jonal Corporation,* 545 P.2d 1094 (Mont.1976).

10. Id.

11. Id.

others in the litigation, and not merely beneficial to their own interests.

By placing the above burden upon attorneys seeking fees for representing themselves, we allow attorneys who have acted in good faith and performed necessary services to be compensated for their work, and at the same time establish safeguards to protect the general public against possible abuses.

■ Under the burden of proof established above, attorneys seeking fees for representing themselves in a partition action are only entitled to be compensated for work which benefits other landowners, as well as themselves. This being the case, we hold that attorneys are entitled to a fee for such beneficial services, regardless of whether the partition proceeding might be designated an adversary proceeding.

In addressing the secondary issues raised by appellants, we first note, see Footnote 3, supra, that it was not necessary for Attorney Weaver to separately set out, in his petition, the names of the heirs at law and their respective interests—it was sufficient to name the administratrix of Ms. Clovis' estate as a party. This being so, Mr. Weaver's failure to specifically name the heirs at law, does not preclude him from being awarded a fee for his services, provided he meets the burden of proof established above.

■ We next note that the appellants, the heirs at law, argue in their brief that they are entitled to an attorney's fee for the work performed for them by Mr. Eberle. Although, assuming that the above discussed burden could be met, such would be the case, we note that no request for fees out of the general fund was made by appellants in the trial court. We also note that appellants' attorney specifically advised the court that he had a contingency contract with his clients, and that he preferred to rely upon said contract rather than ask the court to award a fee from the common fund. This being the case, we hold that appellants waived their rights to a fee from the common fund when they did not request such a fee in the trial court.

■ Lastly, we note that in addition to representing themselves, attorneys Porta and Bass also represented the executrix in the partition proceeding. In awarding attorney fees to attorneys Porta and Bass, the trial court did not indicate which fees were awarded for representing the executrix, and which fees were awarded for representing themselves. Such a designation is necessary, as the attorneys have a heavier burden when seeking fees for representing themselves. In construing 12 O.S.1971 § 1515, we hold that the intent of the statute is to allow the awarding of attorney fees out of the common fund, for efforts of all attorneys which aid not only the parties being represented, but other landowners as well. Thus, to be awarded any fees for representing the executrix, Porta and Bass must show that all services, for which a fee is sought, benefited landholders other than the executrix. Such however, does not have to be proven by clear and convincing evidence, as in representing the executrix, they were not representing themselves— rather, such benefit must be shown by a preponderance of evidence offered.

As this is a case of first impression, and in deciding the case, we have established new safeguards, we reverse the decision of the trial court, as it pertains to the awarding of attorneys' fees, and remand the case to the trial court to reconsider the awarding of attorneys' fees, using the safeguards established in this opinion.

LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and DOOLIN, JJ., concur.

HODGES, C. J., concurs specially.

SIMMS, J., concurs in result.

HODGES, Chief Justice, concurring specially.

While I concur in the opinion of the majority, I feel compelled to address another aspect of the case, to-wit, the amount of the attorneys' fees.

My consternation arises from the fact that the total amount of attorneys' fees awarded by the trial court, together with the contingent attorney fee of the appellant, is almost one-half of the estate. In my opinion the record does not support the amount of the attorneys' fees, although admittedly this issue was not raised on appeal.

I would, therefore, caution the trial judge and the attorneys on remand to justify more fully the amount of attorneys' fees awarded.