411 So.2d 978 (1982)
QUICK & REILLY, INC., a New York Corporation, and Q & R Clearing Corporation, Etc., Appellants,
v.
Morton J. PERLIN and Charlotte W. Perlin, Trustees, Sam Perlin Co. Employee Profit Sharing Trust, Appellees/Cross-Appellants.
No. 81-1335.
District Court of Appeal of Florida, Third District.
March 30, 1982.
*979 Blank, Williams & Benn and Irwin S. Rever, West Palm Beach, for appellants.
Morton J. Perlin, Miami, for appellees/cross-appellants.
Before HENDRY and BASKIN, JJ., and LETTS, GAVIN K., Associate Judge.
HENDRY, Judge.
Appellants Quick and Q & R appeal from an order denying their motion to vacate final judgment and open default pursuant to Florida Rule of Civil Procedure 1.540(b). The Perlins, plaintiffs below, cross-appeal from the denial of their motion for attorney's fees.
The Perlins filed suit against their stockbroker, Quick, and its clearing corporation, Q & R, for failing to deliver 400 shares of stock purchased by them. Money damages, interest, costs and attorney's fees were sought under Section 517.211, Florida Statutes (1979), which provides various remedies for securities violations. After appellants failed to respond, a default was entered and the Perlins moved for entry of final judgment seeking rescission of the transaction on the basis that when the stock was finally delivered to them (after suit was filed) that the value was half that on the date of purchase.
The final default judgment entered April 3, 1980 provided that the stock certificates be endorsed by the Perlins and held in the court's registry for appellants, and awarded the Perlins the purchase price of the stock plus interest, costs and attorney's fees. Quick filed a motion to vacate judgment and open default on May 7, 1981, alleging grounds of inadvertence or excusable neglect and asserting that the complaint failed to state a cause of action for statutory rescission. On June 11, 1981, the trial court entered a final order denying Quick's motion to vacate default and denying the Perlins' motion for attorney's fees. Quick now appeals contending that the default should have been vacated pursuant to Rule 1.540(b)(4) or (5), and challenging the award of attorney's fees to the Perlins on the default judgment. The Perlins, in turn, cross-appeal from the denial of their motion for attorney's fees on the final order.[1] We affirm.
Quick's first point, that the trial court erred in refusing to set aside the default, is without merit. Except for (b)(4) and (5), which were not raised in the motion to vacate and therefore need not be considered on appeal, see Nicholas v. First Interstate Development Corp., 315 So.2d 238 (Fla. 4th DCA 1975); Palmer v. Thomas, 284 So.2d 709 (Fla. 1st DCA 1973), all grounds for relief under Rule 1.540 were lost by passage of time since the motion was made more than one year after entry of final judgment. August v. August, 350 So.2d 794 (Fla. 3d DCA 1977); Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969). Assuming, arguendo, that these grounds [1.540(b)(4) and (5)] had been properly raised in the motion to vacate, the result would be the same. A motion to vacate a final judgment lies under Rule 1.540(b)(4) where the judgment is void for lack of jurisdiction or proper due process notice. See, e.g., Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980); Saharuni v. Saharuni, 343 So.2d 674 (Fla. 2d DCA 1977); Osceola Farms Co. v. Sanchez, 238 So.2d 477 (Fla. 4th DCA 1970). Here, there was no allegation by Quick that the trial court *980 lacked jurisdiction or that proper service of process was not effected. Nor could relief have been afforded appellants under Rule 1.540(b)(5) by which a party may be relieved from a final judgment where the judgment has been satisfied, released or discharged. Although Quick asserts that its transmission of the stock to the Perlins after suit was filed "satisfied" their claims, the rule requires that the judgment be satisfied and at that time no judgment had, as yet, been entered. Thus, relinquishment of the stock did not effectively discharge the judgment.
Having determined that the trial court properly denied appellants' motion to vacate, the more difficult question is whether the award of attorney's fees in this case was proper.
In what appears to be a case of first impression in this state, the trial court awarded Morton Perlin, an attorney and plaintiff below, fees for being the prevailing party in an action brought pursuant to Section 517.211, Florida Statutes (1979), which provides, in relevant part:
517.211 Remedies available in cases of unlawful sale. 
* * * * * *
(6) In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust.
Appellants have assailed this award as improper since Mr. Perlin was representing himself and did not employ outside counsel.
The reported cases in the country on whether a lawyer who appears in propria persona has the right to recover attorney's fees are in conflict. Appellant has not brought to our attention, nor have we unearthed any valid reason to deny an attorney legal fees for acting as his own counsel.[2] We conclude, therefore, that the trial court properly awarded Mr. Perlin attorney's fees upon entry of the final default judgment. In reaching this conclusion, we align ourselves with a narrow majority of jurisdictions which have passed on the issue. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.1980) (Hawaii); Wells v. Whinery, 34 Mich. App. 626, 192 N.W.2d 81 (Ct.App. 1971); Winer v. Jonal Corp., 169 Mont. 247, 545 P.2d 1094 (1976); Henn v. Clifford J. Heath, Inc., 101 N.J. Eq. 347, 139 A. 406 (Ch.Ct. 1927), aff'd, 102 N.J. Eq. 596, 141 A. 769 (1928); McMahon v. Schwartz, 109 Misc.2d 80, 438 N.Y.S.2d 215 (Civ.Ct. 1981); Hamilton v. Telex Corp., 625 P.2d 106 (Okla. 1981). But see O'Connell v. Zimmerman, 157 Cal. App.2d 330, 321 P.2d 161 (Ct.App. 1958); Cheney v. Ricks, 168 Ill. 533, 48 N.E. 75 (1897); Westenberger v. Bernard, 160 So.2d 312 (La. Ct. App. 1964); Parquit Corp. v. Ross, 273 Or. 900, 543 P.2d 1070 (1975). See generally Petrites v. J.C. Bradford & Co., 646 F.2d 1033 (5th Cir.1981) (Florida Blue Sky law permits award of attorney's fees in action for securities fraud against brokerage firm and their salesmen); Annot., 78 A.L.R.3d 1119 (1977) (right of party who is attorney and appears for himself to award of attorney's fees against opposing party as element of costs).
We find no merit, however, in Mr. Perlin's cross-appeal, assigning as error the trial court's refusal to award attorney's fees on the final order denying the motion to vacate. The statute under which fees were awarded in this case, Section 517.211, supra, provides that such fees shall be awarded unless the court finds this would be unjust. Because Mr. Perlin had already been awarded a fee for prevailing in this suit, the judge below may well have concluded that another fee stemming from the motion to vacate was excessive and unjust. Accordingly, we will not second-guess the judge's discretion on this point.
The order is affirmed.
LETTS, Judge, concurring in part and dissenting in part.
I concur in the trial court's refusal to set aside the default, but disagree with the upholding of the attorneys fee award.
*981 My quarrel with the majority is not because the award accrued to an attorney who represented himself, it is because I do not believe attorneys fees could be awarded at all.
In my view, under the facts of this case, there existed no cause of action under Chapter 517, nor was one properly pled. Among other things relief by rescission was not even prayed for in the complaint. That being so I must in part dissent.
NOTES
[1] To eliminate any confusion, we point out that the Perlins received an award of attorney's fees on the original final default judgment, but were refused such fees on the order denying the appellants' motion to vacate judgment and open default entered on June 11, 1981, the subject of this appeal.
[2] See Weaver v. Laub, 574 P.2d 609 (Okla. 1977), where the court summarizes the policy considerations on the issue. The court finally determined that if certain dangers can be minimized, fees should be awarded.