Richard L. COLBERT, Appellant,

v.

Harry A. HOWARD, Respondent.

No. WD 36777.

Missouri Court of Appeals,
Western District.

April 8, 1986.

Richard L. Colbert, Kansas City, pro se.

Edwin M. Soltz, Kansas City, for respondent.

Before CLARK, C.J., and SHANGLER and KENNEDY, JJ.

KENNEDY, Judge.

In this case the trial court ordered the sale in partition of a tract of land in Ray County and after the sale ordered the proceeds distributed between the two owners, appellant and respondent. Appellant complains on appeal of the trial court's failure to award him attorney's fees in accordance with § 528.530, RSMo 1978; of the trial court's failure to assess against respondent's share the waste claimed by appellant to have been committed by respondent and profits retained by respondent; and of the award to respondent of $501.15 from appellant's share of the sale proceeds in the adjustment of payments on a note and deed of trust encumbering the land.

We reverse and remand for trial upon the three issues so presented.

The land in question was an 80-acre tract in Ray County. It was owned by Richard

L. Colbert, the appellant, and Harry A. Howard, Sr., the respondent, as tenants in common in equal shares. It was encumbered by a deed of trust securing the payment of a promissory note on which there was an unpaid balance (as of the date of the order of distribution) of $10,091.29, including principal and interest.

Appellant Colbert, himself an attorney, filed a petition, one of which counts sought the sale of the land in partition. The petition contained two other counts which will be referred to later. Defendant answered, praying that the court partition the land in kind rather than to order the sale of the land.

The trial court after a hearing on appellant's motion for summary judgment, at which oral evidence was also heard, ordered the sale of the land. It was duly sold on December 19, 1984, at public auction for $41,000 by the sheriff in pursuance of the court order. The buyer was respondent Harry A. Howard, Sr.

The trial court after the sale and without any further hearing approved the sheriff's report of sale and directed that the proceeds, after payment of the balance of the deed of trust ($10,091.29) and court costs and sale expenses totaling $400.20, be paid out as follows (quoting from the court's order):

> That the rights, shares, and interests of the parties in said lands, as tenants in common, and in and to said money so to be paid, as follows, equally divided, except:
>
> That the sum of $501.15 be charged against the Plaintiff's account and be paid to the Defendant's account. This sum represents a reimbursement of $286.71 to the Defendant for one-half (½) the monthly mortgage payment for the months of October, November and December 1984, which Defendant previously paid over to Plaintiff herein, which Plaintiff withheld and did not remit to the holder of the First Deed of Trust note. The above sum also includes $214.44 of interest accrued as a result of

Plaintiff's failure to remit the mortgage payments as above-said.

## I

■ We first take up appellant Colbert's complaint that the court failed to award him attorney's fees. (A claim for attorney's fees constituted one count of the three-count petition.) The award of attorney's fees for the bringing of a partition suit is required by § 528.530, RSMo 1978, and the corresponding Supreme Court Rule 96.30. Such attorney's fees are to be paid from the proceeds of the partition sale.

Respondent undertakes to defend the court's failure to award attorney's fees to appellant Colbert on the ground that appellant was representing himself in filing the partition suit. Is appellant, himself an attorney, to be denied attorney's fees for bringing the partition suit because he is an owner of an undivided interest in the subject real estate? We see no reason for such denial. Neither party has cited us to any case precisely ruling the question, nor have we located any. However, we see no reason for denying attorney's fees to a party to a partition suit who is also an attorney. The allowance of attorney's fees to the attorney bringing the suit is mandated by § 528.530, supra. The services of the attorney benefit the estate. He is not, strictly speaking, representing his individual interests in an adversary posture. All the owners benefit from his services. *Arthaud v. McFerrin*, 156 S.W.2d 641 (Mo. 1941); *Ward v. Ward*, 640 S.W.2d 477 (Mo. App.1982). To deprive the attorney of compensation for his services would be unjustly to enrich the other owners to the extent of their respective shares. *See Burrell v. Hanger*, 650 P.2d 386 (Alaska 1982); *Rutherford v. Semenza*, 142 Misc. 531, 254 N.Y.S. 876 (N.Y.Civ.Ct.1932).

Of course, not every act of an attorney filing a partition suit is for the benefit of the estate. Litigation among the owners may develop, for example, and some of plaintiff's attorney's services may benefit the plaintiff only and not the estate. Of course, plaintiff's attorney is not entitled to

compensation from the proceeds of the sale for such services. But the services for which attorney's fees are to be allowed are to be determined by the court upon hearing, under the guidance of § 528.530 and of *Nelson v. Hotchkiss,* 601 S.W.2d 14 (Mo. banc 1980).

The services of a plaintiff's attorney in a partition suit are readily distinguishable from a case in which a person who is an attorney is representing his own interests in an adversary proceeding, where his services do not benefit the other parties. *See, e.g., Westenberger v. Bernard,* 160 So.2d 312 (La.Ct.App.1964); *O'Connell v. Zimmerman,* 157 Cal.App.2d 330, 321 P.2d 161 (1958).

Respondent then says, in a further attempt to justify the trial court's denial of attorney's fees, that "there was nothing before the trial court upon which an award of attorney's fees could have been based". This, however, is not the case. Plaintiff had filed a motion for summary judgment. The motion requested summary judgment on all counts of the petition, including the count for attorney's fees. An affidavit in support thereof said:

> As plaintiff in this cause it has been necessary that (sic) file the petition for partition of land herein, Interrogatories to defendant, Motion to Compel Answers to Interrogatories, Request for Admissions and Motion for Summary Judgment with Affidavits In Support Thereof.

> As plaintiff in this cause it has been necessary that I travel to Richmond, Missouri on three occasions, Lawson, Missouri on three occasions and to Excelsior Springs on three occasions in order to obtain exhibits, documents necessary to establish the facts in support of plaintiff's cause.

> As plaintiff in this cause it has been necessary that plaintiff expend Forty Nine (49) hours relative to the undertakings mentioned in the two paragraphs preceding.

The motion itself said:

> If a summary judgment in plaintiff's favor and against defendant is rendered as to all facts except reasonable attorney's fees, plaintiff moves the court to set a hearing to determine said question of attorney's fees immediately after the order granting summary judgment.

At the hearing on the motion for summary judgment, it is clear that the parties and the court were considering only the preliminary question whether the land should be sold in partition or partitioned in kind, § 528.550, RSMo 1978, and that all other questions were deferred to a later time, pending a subsequent hearing. There was, however, no subsequent hearing. The trial court after the sale entered the order of distribution without any hearing and without any notice to appellant Colbert. It is clear that appellant was asserting a claim for attorney's fees, and he was entitled to an opportunity for a hearing thereon. The order of distribution which disposed of all the moneys and failed to make an allowance of attorney's fees to the appellant must be set aside and the cause remanded to the trial court for a hearing thereon, and for the allowance of such attorney's fees as the evidence may show appellant is entitled to.

## II

■ Appellant Colbert's next point on appeal is that the court erred in failing to award appellant waste and profits from the proceeds of the sale.

Appellant's petition contained a count which requested among other things judgment for waste and profits. More particularly, the appellant alleged that his co-tenant, the respondent, had cut down trees from the land and had collected rental from crops and hay, for which appellant claimed payment of his share. His motion for summary judgment requested judgment therefor, which motion was supported in some particulars by affidavits, by respondent's answers to interrogatories and by oral testimony of witnesses upon the summary judgment hearing. Proof of the amount of profits and of damages for waste was speculative and conflicting, however, and could not have supported summary judgment.

Rule 74.04(h). *Hamiltonian Federal Savings & Loan Association v. Reliance Insurance Co.*, 527 S.W.2d 440, 444–45 (Mo. App.1975). The trial court did not rule upon this portion of the motion for summary judgment, but ruled only that the land should be sold in partition rather than divided in kind. The appealed-from order of distribution followed the sale of the land without any further hearing.

Respondent Howard puts forward a single argument in answer to appellant Colbert's claim. He says that Colbert "waived the issue during the hearing on his summary judgment motion, and the issue was consequently never before the court".

The fact is that Colbert did not waive this claim during the hearing on the motion for summary judgment. He acceded to Judge Sloan's suggestion that the only thing before the court on the motion for summary judgment (which resulted in the order to sell the land) was the question whether the land should be sold or divided in specie, but it was clearly understood by all the parties and by the court that a later hearing was contemplated for taking up and disposing of other issues involved in the case, including appellant's claim for waste and profits. It was within the court's discretion to take up all the issues presented by the case at the same time as the order of sale or the order of partition in kind, or the trial of those issues could be deferred to a later time. *Lester v. Tyler*, 69 S.W.2d 633, 638 (Mo.1934); *Hartog v. Siegler*, 615 S.W.2d 632, 637 (Mo.App. 1981); *Devoto v. Devoto*, 39 S.W.2d 1083, 1084 (Mo.App.1931). The fact that appellant Colbert's claim for waste and profits was not taken up at the same time as the issue of sale or partition in kind, with the acquiescence of appellant Colbert, by no means indicates any intention on Colbert's part to waive the issue. He was entitled to an evidentiary hearing thereon and the court's entry of the order of distribution of the proceeds without according to appellant Colbert an opportunity for a hearing was erroneous. *Ex parte Irwin*, 320 Mo. 20, 6 S.W.2d 597, 600 (Banc 1928); *State ex rel. National Lead Co. v. Smith*, 134 S.W.2d 1061, 1069 (Mo.App.1939); The order of distribution must be reversed and the cause remanded to the trial court for trial upon appellant Colbert's claims for waste and profits.

### III

Appellant's next complaint is that the court erred by providing that the amount of $501.15 be assessed against appellant's share of the sale proceeds and awarded to respondent because there was no evidence before the court to support said ruling. This complaint is about the following paragraph in the trial court's order of distribution:

That the sum of $501.15 be charged against the Plaintiff's account and be paid to the Defendant's account. This sum represents a reimbursement of $286.71 to the Defendant for one-half (½) the monthly mortgage payment for the months of October, November and December 1984, which Defendant previously paid over to Plaintiff herein, which Plaintiff withheld and did not remit to the holder of the First Deed of Trust note. The above sum also includes $214.44 of interest accrued as a result of Plaintiff's failure to remit the mortgage payments as above-said.

We are unable to find any support in the record for the facts so recited by the order of distribution. The same must be remanded for an evidentiary hearing upon any equitable adjustment for mortgage payments as between the parties. *See DeVoto v. DeVoto*, 39 S.W.2d 1083, 1084 (Mo. 1931). If the evidence upon a hearing does show that respondent Howard paid appellant Colbert $286.71 as his portion of the monthly note payments, which payments were in fact not paid by appellant Colbert to the holder of the note and deed of trust, Howard is entitled to reimbursement of the $286.71 out of Colbert's share. That is true because the entire unpaid balance of the note and deed of trust was discharged out of the sale proceeds. For that same reason, it appears that the $214.44 interest

ordered charged against Colbert's share and paid to Howard was duplicative.

The judgment is therefore reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

It appears from the file that the sheriff has paid out the proceeds of the sale in accordance with the order of distribution appealed from. The trial court upon hearing is directed therefore to determine the amount, if any, to which appellant Colbert is equitably entitled from the portion of the sale proceeds paid to respondent and is to render judgment in favor of the appellant against the respondent for any amount so determined. *See State ex rel. Abeille Fire Insurance Co. v. Sevier*, 335 Mo. 269, 73 S.W.2d 361, 365–66 (Banc 1934).

All concur.